UNITED STATES of America, Plaintiff-Appellee,

v.

James E. KING and Michael Scrivo, Defendants-Appellants.

Nos. 74–1459, 74–1460.

United States Court of Appeals, Tenth Circuit.

Argued March 26, 1975.

Decided Aug. 15, 1975.

David J. Phillips, Asst. Federal Defender, Kansas City, Kan., for defendants-appellants.

Richard D. Simpson, Asst. U. S. Atty., Kansas City, Kan. (Robert J. Roth, U. S. Atty., and Monti L. Belot, Asst. U. S. Atty., Kansas City, Kan., on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

James E. King, Michael Scrivo, and Linda Miller were charged in a single-count indictment with conspiring to distribute cocaine in violation of 21 U.S.C. § 846. A jury trial was held in the United States District Court for the District of Kansas, and verdicts of guilty were returned as to each defendant. King and Scrivo appeal from their judgments of conviction; Miller does not appeal, having been placed on probation.

An earnest and energetic appellate presentation has been made to this court by the Federal Public Defender questioning the sufficiency of the evidence to support conviction and urging the existence of trial error of a prejudicial nature in the admission of evidence. We are satisfied that the evidence is sufficient to support the judgments although the prosecution was projected against a unique factual background.[1] We see no need to consider the claims of error in the admission of testimonial evidence because we are compelled to reverse the judgments for a more basic reason. The claims relating to the testimonial evidence will be avoidable on retrial.

---

1. Defendants were convicted of conspiring in the traffic of controlled drugs, but the evidence was limited to proof of a sale of procaine, an uncontrolled drug. Defendants urged that the incident was a deliberate "rip-off" to expose an informer and a federal narcotics agent. The prosecution, however, made a firm showing that defendants believed the drug to be cocaine, a controlled drug, and that the defendants' specific intent was to deal in cocaine and the "rip-off," if any, was not theirs.

Defendants contend that the trial court committed clear error in failing to instruct the jury that one of the elements of a criminal conspiracy is the commission of an overt act in furtherance of such conspiracy by one or more of the conspirators. The government counters with what we consider to be a self-denying argument.

 Relying primarily on *United States v. Murray*, 9 Cir., 492 F.2d 178, 192, *cert. denied*, 419 U.S. 942, 95 S.Ct. 210, 42 L.Ed.2d 166, the government asserts that an indictment such as we here consider need not charge overt acts. But, says the government, it would be perfectly proper for an indictment under section 846 to allege overt acts and, if so alleged, the government concedes that "the decisions are correct in requiring the two-pronged element test." We summarily reject the view that the government's method of pleading is determinative of the elements of a federal crime.

We agree that an indictment under section 846 need not allege overt acts and is basically sufficient if set out substantially in the words of the statute. However, this court has consistently held that the crime of conspiracy is

> an agreement between two or more persons to commit one or more unlawful acts, and is complete when one or more of the conspirators knowingly commit an act in furtherance of the object of the agreement. . . .

*United States v. Thomas*, 468 F.2d 422, 424, *cert. denied*, 410 U.S. 935, 93 S.Ct. 1389, 35 L.Ed.2d 599. See also *United States v. Jackson*, 10 Cir., 482 F.2d 1167, 1174, *cert. denied*, 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111. Conspiracy is not punishable as a state of mind and becomes punishable only if completed by an overt act by one or more of the conspirators. In the case at bar the jury was not instructed that the government had the burden of proving beyond a reasonable doubt this element of the crime, and, regardless of the strength of the evidence, it is fundamental error to fail to instruct as to the necessary elements of the offense charged. *Findley v. United States*, 10 Cir., 362 F.2d 921.

The judgments are severally reversed and remanded for a new trial.