UNITED STATES of America

v.

Derrick A. PUMPHREY, Appellant.

UNITED STATES of America

v.

Kevin A. STEVENS, Appellant.

Nos. 86–3059, 86–3060.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 10, 1987.

Decided Oct. 9, 1987.

Stephen G. Milliken, Washington, D.C. (Appointed by this Court), for appellants.

Robert A. Feitel, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Betty Ann Soiefer, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before WALD, Chief Judge, MIKVA and EDWARDS, Circuit Judges.

PER CURIAM:

Derrick A. Pumphrey and Kevin A. Stevens appeal convictions for conspiracy under the Controlled Substances Act, 21 U.S.C. § 846, and for possession with intent to distribute phencyclidine (PCP), 21 U.S.C. § 841(a)(1); (b)(1)(B). We reject their main contention that § 846 requires proof of an overt act in addition to proof of a conspiracy. We also find no injury to appellants from the trial judge's failure, when submitting to the jury the lesser included offense of possession with intent to distribute PCP, explicitly to instruct the jury either that the original indictment alleged possession with intent to distribute 500 grams or more of PCP or, in the alternative, that this greater offense had been dismissed. Accordingly, we affirm the convictions on both counts.

## I. COUNT I

Pumphrey and Stevens seek reversal of their convictions under Count I of the indictment, which charged them with conspiracy to violate the Controlled Substances Act. 21 U.S.C. § 846. They claim that commission of an overt act in furtherance of the alleged conspiracy is an essential element of the crime. In the alternative, they argue that even if § 846 itself does not generally require proof of an overt act, if the indictment charges an overt act, the prosecution must prove it and the jury must be so instructed. In conformity with the majority of circuits that have passed on the question,[1] we dismiss these arguments as without basis in the text or history of § 846.

The language of § 846 is clear enough:

> Any person who attempts or conspires to commit any offense defined in this title is punishable by imprisonment or fine or both, which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

In contrast to the general criminal conspiracy statute, 18 U.S.C. § 371, which explicitly requires proof of an overt act,[2] § 846 makes no mention of any such requirement. Absent clearly expressed legislative intent to the contrary, this unambiguous statutory language settles the question. *Consumer Products Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

Pumphrey and Stevens argue, however, that we must look to § 371 for the definition of the word "conspire" in § 846, and by so doing incorporate § 371's overt act requirement into § 846. Perhaps this mode of construction would make sense if § 371 and § 846 were part of the same

---

1. *See, e.g., United States v. Brock*, 782 F.2d 1442, 1444 (7th Cir.1986); *United States v. Dempsey*, 733 F.2d 392, 396 (6th Cir.), *cert. denied*, 469 U.S. 983, 105 S.Ct. 389, 83 L.Ed.2d 323 (1984); *United States v. Badolato*, 701 F.2d 915, 920 (11th Cir.1983); *United States v. Brown*, 692 F.2d 345, 348 (5th Cir.1982); *United States v. Dreyer*, 533 F.2d 112, 117 (3d Cir.1976); *United States v. Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975), *cert. denied*, 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976); *United States v. DeJesus*, 520 F.2d 298, 301 (1st Cir.), *cert. denied*, 423 U.S. 865, 86 S.Ct. 126, 46 L.Ed.2d 94 (1975). *But see United States v. King*, 521 F.2d 61, 63 (10th Cir.1975); *United States v. Hutchinson*, 488 F.2d 484, 490 (8th Cir.1973), *cert. denied sub nom. Ennis v. United States*, 417 U.S. 915, 94 S.Ct. 2616, 41 L.Ed.2d 219 (1974).

2. 18 U.S.C. § 371 reads in pertinent part:
   > If two or more persons conspire to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, *and* one or more of such persons *do any act to effect the object of the conspiracy....*
   (emphasis added).

statute. But they are not and, indeed, the special purpose[3] of the Controlled Substances Act supports the notion that Congress was legislating a distinct definition of conspiracy in § 846. Congress certainly must be presumed to have been aware of the general conspiracy statute when it enacted a new narcotics control scheme employing the conspiracy concept and left the overt act requirement out. *United States v. Bey,* 736 F.2d 891, 894 (3d Cir.1984). Indeed, the Supreme Court has expressly declined to read an overt act requirement into several other conspiracy statutes that are silent on the subject. *See, e.g., Singer v. United States,* 323 U.S. 338, 65 S.Ct. 282, 89 L.Ed. 285 (1945) (Selective Service Act); *Nash v. United States,* 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232 (1913) (Sherman Act).

We do not find the lonely precedent of the Tenth Circuit persuasive. Pumphrey and Stevens rely on a brief per curiam opinion in *United States v. King,* 521 F.2d 61 (10th Cir.1975), which holds that commission of an overt act is an essential element of conspiracy under § 846. The court there reasoned that "Conspiracy is not punishable as a state of mind and becomes punishable only if completed by an overt act." *Id.* at 63. *King* relies on an earlier Tenth Circuit case, *United States v. Thomas,* 468 F.2d 422 (10th Cir.1972), *cert. denied,* 410 U.S. 935, 93 S.Ct. 1389, 35 L.Ed.2d 599 (1973). *Thomas,* however, claims roots in a Supreme Court decision, *Braverman v. United States,* 317 U.S. 49, 53, 63 S.Ct. 99, 101, 87 L.Ed. 23 (1942), interpreting the predecessor to the general criminal conspiracy stature, § 371, which, as we have discussed, explicitly requires proof of an overt act. 468 F.2d at 424.

The Court in *Braverman* expressly relied on the precise language of the statute:

> The gist of the crime of conspiracy *as defined by the statute* is the agreement or confederation of the conspirators to commit one or more unlawful acts "where one or more of such parties do any act to effect the object of the conspiracy."

317 U.S. at 53, 63 S.Ct. at 101 (emphasis added); 18 U.S.C. § 88 (1940 ed.) (replaced by 18 U.S.C. § 371 (1948)). The dubious ancestry of *King* impairs its credibility.

■ Pumphrey's and Stevens' alternative argument rests on equally spongy turf. It cites *United States v. Dempsey,* 733 F.2d 392 (6th Cir.), *cert. denied,* 469 U.S. 983, 105 S.Ct. 389, 83 L.Ed.2d 323 (1984), for the proposition that because the indictment alleged an overt act one must be proven at trial. On examination, however, the comment to that effect in *Dempsey* turns out to be dicta aimed at reconciling earlier Sixth Circuit precedents[4] and appears not to have been followed subsequently by district courts in the circuit. *See e.g., United States v. Hall,* 625 F.Supp. 1138 (S.D.Ohio 1985) (holding that an overt act is not an element of § 846 conspiracy even though indictment alleged several such acts). More important, our own and Supreme Court precedent has consistently held that excess allegations in an indictment that do not change the basic nature of the offense charged need not be proven and should be treated as mere surplusage. *See United States v. Miller,* 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985); *Ford v. United States,* 273 U.S. 593, 600, 47 S.Ct. 531, 533, 71 L.Ed. 793 (1927); *United*

---

**3.** *See* H.R.Rep. No. 91–1444, 91st Cong., 2d Sess. *reprinted in,* [1970] U.S.Code Cong. & Ad.News 4566 (House Report). According to this report, the Act was "designed to deal in a comprehensive way with the growing problem of drug abuse in the United States." *Id.* [1970] U.S.Code Cong & Ad.News at 4567. The report goes on to emphasize that "[t]he illegal traffic in drugs should be attacked with the full power of the Federal Government. The price for participation in this traffic should be prohibitive. It should be made too dangerous to be attractive." *Id.* [1970] U.S.Code Cong. & Ad.News at 4575.

**4.** In *Dempsey,* the indictment charged a violation of 21 U.S.C. § 846 without alleging any overt acts. The court held that the indictment was valid because an overt act is not an element under § 846. 733 F.2d at 396. The court went on to distinguish prior decisions, which seemed to suggest that an overt act was an element of the offense, on the grounds that the indictments in them had alleged the commission of one or more overt acts. *Id.*

*States v. Jordan,* 626 F.2d 928 (D.C.Cir. 1980).

## II. COUNT II

Prior to resting its case, the government moved to dismiss Count II of the indictment alleging possession with intent to distribute 500 grams or more of PCP and submit to the jury the lesser included offense of possession with intent to distribute, Official Transcript of Trial at 764–65, *United States v. Pumphrey,* Criminal Case No. 86–117 [hereinafter cited as (Tr.)], because its proof had admittedly established the existence of only 425 grams of PCP.[5] (Tr. 787) Defense counsel objected and moved for acquittal on Count II. (Tr. 766) The District Court ruled that the government was entitled to have the lesser included offense submitted to the jury. (Tr. 789, 802) Defense counsel then requested that the court instruct the jury that the government's proof had failed with regard to the original charge before instructing them on the lesser included offense. (Tr. 802) Instead, the District Court told the jury that the government was not required to prove the specific amount alleged in the indictment, although it must show knowing possession with intent to distribute. (Tr. 1050–51)

■ As Pumphrey and Stevens now concede, there is no basis for their initial claim that the District Court should have granted an acquittal when the government's proof failed. Appellant's Brief at 17. The purpose of the doctrine of lesser included offense is to prevent an indictment from failing when some element of the charged offense is not established. *Kelly v. United States,* 370 F.2d 227, 229 (D.C.Cir.1966), *cert. denied,* 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967).

Appellants now claim that the District Court's failure explicitly to instruct the jury that the original charge was for possession of 500 grams violated their fifth and sixth amendment rights to due process and to a trial upon an indictment by a grand jury. They argue, in the alternative, that the District Court erred by failing to give the jury Standard D.C. Criminal Instruction 1.12 ("Where Charges are Dismissed Mid–Trial"). These arguments are meritless.

■ The trial judge instructed the jury that "both defendants are now charged with the lesser included offense of possession with intent to distribute PCP" (Tr. 1049) and that the "government is not required to prove that the amount or quantity was exactly the same as that alleged in the indictment." (Tr. 1050) There is no reason that the District Court should also have instructed the jury on the greater offense of possession of 500 grams when all the parties agreed that the evidence was insufficient to establish that amount. Nor is there any basis for Pumphrey's and Steven's vague assertion that they were somehow injured by the court's failure to preface its instruction by commenting that the original indictment had charged possession of 500 grams or more and that the lesser included offense should be considered only if the government failed to prove the existence of that much PCP. Instead, the trial judge avoided needless confusion by only charging the jury with the lesser included offense.

Conceivably injury to the appellants might have arisen, if the government had not proven possession of enough PCP to establish intent to distribute. It is undisputed, however, that the government did establish possession of 425 grams. More important, the District Court clearly instructed the jury that an "essential element" of Count II was "specific intent to distribute the controlled substance." (Tr. 1051)

---

5. Under 21 U.S.C. § 841(a) it is illegal for any person to "possess ... with intent to ... distribute" a controlled substance. The statute imposed increased penalties of up to 5 years for violations involving 500 grams or more of PCP. 21 U.S.C. § 841(b)(1)(A)(iii) (1982 Ed.Supp. IV). The statute has subsequently been amended and now imposes increased penalties for possession of:

> 100 grams or more of phencyclidine (PCP) or 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP).

21 U.S.C. § 841(b)(1)(A)(iv) (1982 Ed.Supp. V).

■ Similarly, we find no merit in the contention that failure to give D.C. Criminal Instruction 1.12 ("Where Charges are Dismissed Mid–Trial") was reversible error. Such an instruction was not requested below and no charges were actually dismissed; instead, the District Court allowed Count II to be submitted to the jury on the lesser included offense and simply chose not to instruct the jury on the greater offense since a rational juror could not possibly convict under that charge. Even if the District Court technically had erred in not explicitly dismissing the greater offense of possession of 500 grams, no injury to the appellants arose from such an error. Pumphrey and Stevens were neither convicted of the aggravated offense nor received any increased sentence under it and the dismissal of the greater offense would have been irrelevant to their defense to the lesser offense. Finally, overwhelming evidence supports both appellants' convictions for possession with intent to distribute PCP and renders any minor defect in the jury instructions harmless error. No rational juror could have found differently no matter how meticulously instructed. *Pope v. Illinois,* —— U.S. ——, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987).

For these reasons we affirm the respective convictions of Pumphrey and Stevens under both Count I and II.

Affirmed.