**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Reshat SHABANI, a/k/a Lee Shabani,
Defendant–Appellant.**

No. 91–30224.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1992.

Decided May 17, 1993.

Alan M. Caplan, Bushnell, Caplan & Fielding, San Francisco, CA, for defendant-appellant.

Karen L. Loeffler, Asst. U.S. Atty., Anchorage, AK, for plaintiff-appellee.

Before: WALLACE, Chief Judge, WRIGHT and LEAVY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Shabani appeals his conviction of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. He argues that the government failed to plead or prove an essential element of the crime. The indictment did not allege that an overt act was committed to further the conspiracy. In defining the offense, the jury instructions also omitted mention of an overt act. We conclude that the indictment was legally sufficient but hold that the district court erred in not instructing the jury on the requirement of an overt act. The jury was precluded from finding all the elements necessary to convict. We must reverse.

## I

The government alleged that Shabani moved to Alaska and entered into a drug distribution scheme with his girlfriend, her family and their associates. According to the prosecution, Shabani was the supplier, arranging to have the cocaine brought to Anchorage from California. The girlfriend, Mayfield, and another friend, Pinjoli, handled the distribution, making many of the sales to Mayfield's relatives. FBI agents purchased drugs from the coconspirators during an undercover investigation. Mayfield pleaded guilty and agreed to cooperate with the prosecution.

Shabani stood trial alone, charged with conspiracy to distribute cocaine. He moved to dismiss the indictment for failing to allege an essential element of the crime, the commission of an overt act. The district court denied the motion.

His defense at trial focused on the lack of direct evidence linking him to any of the drug sales. The major witnesses included Mayfield and her relatives, all of whom testified pursuant to plea agreements. Shabani suggested that they had concocted a story about his involvement to gain lenient treatment from the federal prosecutor.

Before the case went to the jury, Shabani again raised the overt act issue, requesting that the court modify the jury instructions to mention that proof of an overt act was necessary to convict. The court declined to do so.

The jury returned a guilty verdict. The court sentenced Shabani to 160 months imprisonment, followed by a 60-month term of supervised release unless deported.

## II

### A. Failure to include overt act in the indictment

 The parties alert us to an apparent conflict in this circuit as to whether an overt act must be proved or alleged to sustain a drug conspiracy conviction. Our recent cases restate consistently that proof of a Section 846 violation requires (1) an agreement, (2) to engage in criminal activity, and (3) one or more overt acts in furtherance of the conspiracy. *See, e.g., United States v. Garza*, 980 F.2d 546, 554 (9th Cir.1992); *United States v. Navarro*, 979 F.2d 786, 789 (9th Cir.1992); *United States v. Vasquez–Chan*, 978 F.2d 546, 553 (9th Cir.1992); *United States v. Smith*, 924 F.2d 889, 894 n. 1 (9th Cir.1991); *United States v. Magana–Olvera*, 917 F.2d 401, 409 (9th Cir.1990). The Ninth Circuit Model Jury Instructions also mention an overt act as one of the elements. Ninth Cir.Crim.Jury Inst., 8.05A.

Yet, language in *United States v. McCown*, 711 F.2d 1441 (9th Cir.1983) and *United States v. Tavelman*, 650 F.2d 1133 (9th Cir. 1981), *cert. denied*, 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982), suggests that

> [a]n indictment under 21 U.S.C. § 846 is sufficient if it alleges: a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, *even if it fails to allege or prove any specific overt act in furtherance of the conspiracy.* (emphasis added)

*McCown, id.* at 1450 (quoting *Tavelman, id.* at 1137).

We see merit in the government's argument that our recent cases requiring proof of an overt act stand on weak ground. The plain language of 21 U.S.C. § 846, in contrast to the general conspiracy statute, 18 U.S.C. § 371, does not mention an overt act. When we have interpreted other conspiracy statutes that are silent on the subject, we have held that proof of an overt act is unnecessary. *See, e.g., United States v. Skillman,*

922 F.2d 1370, 1375 (9th Cir.1990) (conspiracy to deprive another of civil rights in violation of 18 U.S.C. § 241), *cert. dismissed,* —— U.S. ——, 112 S.Ct. 353, 116 L.Ed.2d 275 (1991). So has the Supreme Court. *See, e.g., Singer v. United States,* 323 U.S. 338, 65 S.Ct. 282, 89 L.Ed. 285 (1945) (Selective Service Act).

The omission of overt act language from the text of 21 U.S.C. § 846 suggests that Congress, in enacting the Controlled Substances Act, established a distinct definition of conspiracy for narcotics crimes, one that does not require an overt act. *See United States v. Pumphrey,* 831 F.2d 307, 308–09 (D.C.Cir.1987). For these reasons, every other circuit holds that proof of an overt act is not necessary.[1]

Clearly, the district court believed that this circuit should abandon its minority approach. In declining to follow the authority requiring proof of an overt act, Judge Holland made a fair attempt at resolving our confusing circuit law. He reached this decision "with considerable reluctance and a lot of caution," inviting counsel to appeal so that we might review the question thoroughly.

We understand the district court's frustration with seemingly contradictory opinions, as well as its desire to avoid a conflict with persuasive authority from all the other circuits. Nevertheless, as a three-judge panel, we are bound by this court's previous decisions. *United States v. Washington,* 872 F.2d 874, 880 (9th Cir.1989). We must attempt to resolve the tension in our case law. Only if the cases prove irreconcilable must we call for en banc review. *United States v.*

*Hardesty,* 977 F.2d 1347, 1348 (9th Cir.1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 1429, 122 L.Ed.2d 797 (1993).

We do not believe that *McCown* controls the issue we must decide today. In *McCown,* the appellants challenged that an indictment was defective because it "fail[ed] to state with specificity the time during which the conspiracy was operative." 711 F.2d at 1450. We ruled that the indictment gave sufficiently specific beginning and ending dates. The overt act issue played no part in *McCown's* central holding. The language that it was unnecessary to include an overt act in the indictment was dictum that we need not follow.[2]

The issue of overt acts played a more critical part in *Tavelman.* The appellants directly challenged their indictments as constitutionally defective because of failure "to allege specific facts or overt acts." 650 F.2d at 1137. They were indicted on two counts. Count One alleged a cocaine conspiracy. Count Two alleged that the appellants violated the Travel Act by performing interstate acts in furtherance of the intent to distribute cocaine. We held that the indictments were sufficient even though they failed to allege an overt act for the conspiracy charge.

A narrow reading of the case suggests that this was because Count Two supplied the missing overt act. The appellants had conceded that "the existence of a substantive count may substitute for a definite statement of essential facts or overt acts." *Id.* Yet *Tavelman* indicated no such restrictions on its holding. It relied on the general proposi-

---

1. *See United States v. Sassi,* 966 F.2d 283, 285 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 509, 121 L.Ed.2d 444 (1992); *United States v. Clark,* 928 F.2d 639, 641 (4th Cir.1991); *United States v. Covos,* 872 F.2d 805, 810 (8th Cir.), *cert. denied,* 493 U.S. 840, 110 S.Ct. 124, 107 L.Ed.2d 85 (1989); *United States v. Savaiano,* 843 F.2d 1280, 1294 (10th Cir.), *cert. denied,* 488 U.S. 836, 109 S.Ct. 99, 102 L.Ed.2d 74 (1988); *United States v. Pumphrey,* 831 F.2d 307, 308–09 (D.C.Cir.1987); *United States v. Christian,* 786 F.2d 203, 211 (6th Cir.1986); *United States v. Bey,* 736 F.2d 891, 895 (3d Cir.1984); *United States v. Alberti,* 727 F.2d 1055, 1060 (11th Cir.), *cert. denied,* 469 U.S. 862, 105 S.Ct. 199, 83 L.Ed.2d 131 (1984); *United States v. Lee,* 622 F.2d 787, 790 (5th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981);

*United States v. Knuckles,* 581 F.2d 305, 311 (2d Cir.), *cert. denied,* 439 U.S. 986, 99 S.Ct. 581, 58 L.Ed.2d 659 (1978); *United States v. DeJesus,* 520 F.2d 298, 301 (1st Cir.), *cert. denied,* 423 U.S. 865, 96 S.Ct. 126, 46 L.Ed.2d 94 (1975).

2. Indeed, we are puzzled by how the court arrived at this conclusion. Both *McCown* and *Tavelman* cite to an out-of-circuit case, *United States v. Marable,* 578 F.2d 151, 154 (5th Cir.1978), *overruled on other grounds, United States v. Rodriguez,* 612 F.2d 906 (5th Cir.1980) (en banc), *aff'd,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), for the proposition that the indictment need not allege an overt act. But the basis for *Marable's* holding was that the Fifth Circuit, in contrast to this court, does not require that the government even prove an overt act at trial. *Id.*

tion that "[c]ourts do not require as detailed a statement of an offense's elements under a conspiracy count as under a substantive count." *Id.* Its statement about indictments being sufficient even though omitting overt acts sweeps broadly.

This does not mean, however, that *Tavelman* conflicts irreconcilably with our other line of cases. It addresses only what the government must allege in an indictment, not what must be proved at trial. Our other cases hold clearly that the government must demonstrate the commission of an overt act to sustain a conviction. We conclude that *Tavelman* excuses any deficiencies in the indictment at issue here.

## B. Failure to Instruct on an Overt Act

■ We review de novo whether the district court's instructions to the jury misstated the elements of a statutory crime. *Garza,* 980 F.2d at 554. Jury instructions omitting an element of the offense are constitutional error. *Martinez v. Borg,* 937 F.2d 422, 424 (9th Cir.1991).

■ The court erred in declining to modify the jury instructions to include an overt act. As we have indicated, our cases hold clearly that the government must prove this element to sustain a conviction. The jurors heard testimony about overt acts. Witnesses said that Shabani drove a truck at least twice to accept drug deliveries. But the jurors did not necessarily have to rely on this evidence to convict of conspiracy as defined in the jury instructions.

■ We decline to speculate about how the jury might have weighed this evidence if properly instructed. As a result, we cannot say that the instructional error was harmless. To find harmless error, we would have to conclude that "no rational jury could have made [its] findings without also finding the omitted or presumed fact to be true." *Id.* at 425. We have deemed omission of the overt act element harmless where the jury's determination of guilt on another substantive count served as the functional equivalent of a finding of an overt act. *See United States v. Garcia,* 988 F.2d 965, 969 (9th Cir.1993); *United States v. Baldwin,* 987 F.2d 1432, 1439 (9th Cir.1993); *Garza,* 980 F.2d at 554; *United States v. Harrison–Philpot,* 978 F.2d

1520, 1522 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2392, 124 L.Ed.2d 294 (1993). Yet Shabani's conviction rested on the single conspiracy count. As the case was submitted to them, the jurors did not have to find an overt act or its functional equivalent. They were precluded from finding an element necessary to convict.

## III

Because we find instructional error, we do not reach the sufficiency of the evidence, or do we address the other issues raised on appeal. We conclude that the district court's failure to instruct on an overt act prevented the jury from finding an element necessary to convict Shabani of conspiracy under 21 U.S.C. § 846. We reverse and remand.

**REVERSED AND REMANDED.**

WALLACE, Chief Judge, concurring:

In light of our holding that the indictment in this case was sufficient despite failing to allege an overt act, our conclusion that the district court erred in failing to instruct the jury that the government was required to prove the commission of an overt act may seem rather odd. Indeed, I am aware of no other circumstance in which the government may refrain from alleging in the indictment an element it must yet prove at trial. Surely, logic as well as jurisprudential consistency would dictate that the indictment must contain all the requisite elements of the offense upon which the district court is required to instruct the jury.

This inconsistency comes about only because our circuit, contrary to every other circuit, clings to a problematic gloss on 21 U.S.C. § 846, insisting, despite a complete lack of textual support in the statute, that in order to convict under this section the government must prove the commission of an overt act in furtherance of the conspiracy. As a three-judge panel, we are bound by our previous holdings which unfortunately lead us to the present strange situation.

While I concur in the majority opinion, I write separately to stress that it makes no sense to continue to demand that the jury be instructed regarding an overt act when it is

clear that the indictment need not allege one. Until the court sees fit to take this issue en banc and to align itself with every other court of appeals, we will continue this tiresome, judicially created inconsistency.