37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roland MENCHACA, Defendant-Appellant.
 No. 92-50149.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1994.*
Decided Oct. 12, 1994.
 
 1
 Before: WIGGINS, T.G. NELSON, Circuit Judges, REED**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Roland Menchaca ("Appellant") appeals his conviction for conspiracy to rob a federally insured bank. At trial, the focus was entirely on the conspiracy, and little or no attention was paid to the elements of the underlying crime.
 
 
 4
 No evidence was presented of the insurance of the bank by the Federal Deposit Insurance Corporation. The jury instructions, moreover, failed to describe the elements of a violation of 18 U.S.C. Sec. 2113(a). The government now concedes that Appellant's conviction must be reversed. United States v. James, 987 F.2d 648, 651 (9th Cir.1993) ("[I]n this circuit the FDIC status of a bank is an essential element of the crime"). The sole remaining issue for this court is whether the Double Jeopardy Clause bars retrial of Appellant. Whether retrial will violate a defendant's right against double jeopardy is a question of law reviewed de novo. United States v. Horodner, 993 F.2d 191, 193 (9th Cir.1993).
 
 
 5
 Appellant argues that the failure to introduce evidence that the bank was federally insured entitles him to acquittal and protection from retrial because the jury could not have found each of the elements necessary to convict him.[1] This court has recently held that the absence of evidence of the target bank's FDIC status demands the conclusion that the evidence was insufficient to support a guilty verdict. James, 987 F.2d at 652. In James, counsel had stipulated, outside the presence of the jury, to the insured status of the banks, but failed ever to read the stipulation to the jury. The court decided that the names of the banks involved were not sufficient to support an inference of FDIC insurance and that defense counsel's statement to the effect that identification was the only issue at stake at trial was not an unchallengeable judicial admission. Under James, the lack of direct evidence on FDIC insurance in this case renders the evidence legally insufficient on that element.
 
 
 6
 A decision by a reviewing court that the evidence was insufficient to support the jury's guilty verdict means that the prosecution has failed to establish the defendant's guilt beyond a reasonable doubt and retrial is thereafter barred by the Double Jeopardy Clause. Burks v. United States, 437 U.S. 1 (1978). "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." Id. at 11. The appropriate remedy at the district court level for a complete failure of evidence on an essential element would have been entry of a judgment of acquittal; therefore, the determination of insufficiency as a matter of law by the Court of Appeals should have the same effect. Id. "An appellate reversal of a conviction on the basis of insufficiency of the evidence has the same effect as a judgment of acquittal: the Double Jeopardy Clause bars retrial." United States v. Bibbero, 749 F.2d 581, 586 (9th Cir.1984), cert. denied, 471 U.S. 1103 (1985).
 
 
 7
 The government argues that United States v. Shabani, 993 F.2d 1419 (9th Cir.1993), cert. granted, 114 S.Ct. 1047 (1994), establishes that it is inappropriate for this court to consider the sufficiency of the evidence where the jury was improperly instructed. In Shabani, the jury heard evidence about acts that could have been considered overt acts in furtherance of the conspiracy, but the district court failed to instruct them that they must find an overt act. The court "decline[d] to speculate about how the jury might have weighed this evidence if properly instructed," and refused either to find the error harmless or to reach the sufficiency of the evidence in the face of the reversible instructional error. 993 F.2d at 1422. The government therefore argues that the panel need only consider the court's error in failing to instruct on the elements of the crime. Retrial after reversal for trial error, the government notes, does not constitute double jeopardy. Burks, 437 U.S. at 15.
 
 
 8
 This court has already rejected the argument that we should refrain from reaching the sufficiency of the evidence in order to give the government another chance to prosecute the defendant.
 
 
 9
 As we have made clear in previous cases, 'the existence of other grounds for reversal does not avoid the necessity of reviewing the sufficiency of the evidence.' The reason for this exception to our general rule is obvious: the defendant who successfully challenges a conviction for insufficiency of the evidence is entitled not only to a reversal of his conviction, but also to an order directing the district court to enter a judgment of acquittal with respect to that conviction. Under such circumstances, the double jeopardy clause bars the government from retrying the defendant on the charge underlying the conviction.
 
 
 10
 United States v. Bishop, 959 F.2d 820, 828 (9th Cir.1992) (emphasis in original) (internal citations omitted). However, the appellate courts are not absolutely compelled always to address sufficiency of the evidence claims. Id. at 829 n. 11 ("Under Richardson [v. United States, 468 U.S. 317 (1984) ], it appears that appellate courts are not required to consider sufficiency issues.") (emphasis in original). Shabani is one of those cases where the court found it inadvisable to consider the sufficiency of the evidence. In that case, evidence of the omitted element was presented. Double jeopardy concerns were attenuated in that situation because the remand was not to allow the government to muster new evidence, but rather only to allow the jury properly to evaluate that evidence. Under those facts, the court might reasonably decline to consider such evidence before the jury was allowed to do so. Shabani, however, is the exception to the rule in this circuit. "Where, as here, the evidence is insufficient as a matter of law to support a conviction on the statutory offense upon which judgment was entered, we are required to vacate that judgment and to enter a judgment of acquittal on that charge." United States v. Vasquez-Chan, 978 F.2d 546, 554 & n. 4 (9th Cir.1992); see also United States v. Sitton, 968 F.2d 947, 961 & n. 4 (9th Cir.) (considering possible insufficiency of evidence because success would bar retrial), cert. denied sub nom. Romero v. United States, 113 S.Ct. 478 (1992), and cert. denied, 113 S.Ct. 1306 (1993); Bibbero, 749 F.2d at 586 ("The necessity of reviewing a sufficiency of the evidence claim where trial error required reversal has been recognized in this circuit."). In this case, where a new trial would permit the government to introduce the evidence it neglected in the first trial, we see no reason to depart from the ordinary course of reviewing the sufficiency of the evidence.
 
 
 11
 The government also asserts that Appellant must bear the burden of proving that the issue to be decided in the second trial has already been decided in the first. Dowling v. United States, 493 U.S. 342, 350 (1990), cited by the government for this proposition, is inapposite because it deals with whether the government was collaterally estopped from offering the testimony from a previous, independent prosecution in which the defendant was acquitted. Such inquiries have no application in this case, where it is clear that Appellant is seeking to avoid retrial for the exact same offense, under the exact same statute. The issue of whether Appellant may be tried on some other charge, or what evidence may be used in such a prosecution, is not before this court.
 
 
 12
 Finally, the government's argument that preventing retrial in this case would encourage the accused to submit faulty jury instructions and that the error in this case might be considered an "invited error" is without merit. "The defense has no obligation to remind the government of its obligation to prove each element of a crime." James, 987 F.2d at 651.
 
 
 13
 We hold that Appellant was improperly convicted due to the complete failure of evidence on an essential element of the crime. We therefore VACATE the judgment of conviction and REMAND to the district court with instructions to enter a judgment of acquittal.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3