46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delbert CRAWFORD, Defendant-Appellant.
 No. 94-35076.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1995.*
Decided Jan. 24, 1995.
 
 1
 Before: WRIGHT and BRUNETTI, Circuit Judges, and GONZALEZ**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The district court (Ryan, J.) denied Crawford's petition for relief under 28 U.S.C. Sec. 2255 on the grounds that it was apparent from the face of the petition that Crawford was not entitled to relief. The district court had subject matter jurisdiction under 18 U.S.C. Sec. 3231. We have appellate jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 I.
 
 4
 We review the denial of Crawford's petition de novo. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We note at the onset that Crawford did not directly appeal his due process claim, which challenged the use of methamphetamine precursor chemicals supplied by a government agent to set his base offense level. Nonetheless, we consider this argument because the government did not object to Crawford's failure to raise it on direct appeal. See Gonzalez v. United States, 33 F.3d 1047, 1049 (9th Cir.1994). While Crawford did not directly appeal any of his ineffective assistance claims, it was appropriate for him to raise them on collateral review, rather than on direct appeal. See United States v. Hoslett, 998 F.2d 648, 660 (9th Cir.1993).
 
 
 5
 We also note that Crawford's Sec. 2255 petition did not include his claim that the district court erroneously applied the career offender Sentencing Guidelines or his claim that his attorney ineffectively failed to request a lesser included offense jury instruction. We do not address these claims. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993).
 
 II.
 
 6
 We review each of Crawford's ineffective assistance of counsel claims for error and prejudice. His counsel's assistance was erroneous if it fell "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). We strongly presume that his counsel made decisions in the exercise of reasonably professional judgment. See id. Any error was prejudicial only if there was a "reasonable probability that ... the result of the proceeding would have been different" had it not occurred. Id. at 694.
 
 
 7
 We find that Crawford's attorney did not err by declining to argue that sufficient evidence did not support a charge of conspiracy to manufacture and distribute more than 100g of methamphetamine. Crawford agreed at a meeting with Agent Dunne, Palmer, and Luschen to "cook" methamphetamine for Dunne. Luschen and he composed and gave Dunne a list of ingredients and equipment they would need to manufacture methamphetamine. Crawford accepted from Dunne many of these supplies immediately before he was arrested. When government agents searched his car after the arrest, they found other items used to manufacture methamphetamine and a recipe similar to the one Luschen and Crawford gave Dunne.
 
 
 8
 At the time of Crawford's offense we held that, in order to prove Crawford guilty of conspiracy, the government needed to prove that Crawford intended to manufacture and distribute a controlled substance knowingly, agreed to do the same, and committed an overt act in furtherance of that agreement. United States v. Shabani, 993 F.2d 1419, 1420 (9th Cir.1993). We now interpret 21 U.S.C. Sec. 846 to require the government to prove only intent and agreement. Shabani v. United States, 115 S.Ct. 382, 384 (1994). Under either test, ample evidence existed for the jury to have rationally concluded beyond a reasonable doubt that the government satisfied every element of conspiracy to manufacture and distribute a controlled substance. See United States v. Lemmick, 18 F.3d 814, 818 (9th Cir.1994). It did not test the limits of reasonably professional judgment for Crawford's attorney to have decided not to argue sufficiency of the evidence.
 
 
 9
 We agree with the district court that Crawford's counsel did not err by failing to raise the affirmative defense of entrapment. The facts mentioned above in connection with Crawford's sufficient evidence claim also show that Crawford was predisposed to conspire to manufacture and distribute methamphetamine. See United States v. Becerra, 992 F.2d 960, 963 (9th Cir.1993).
 
 
 10
 Crawford alleges that his counsel was ineffective for failing to object that two exhibits, interviews between a DEA agent and co-defendant Luschen implicating him, were not admissible under the co-conspirator exclusion from the hearsay rule. See Fed.R.Evid. 801(d)(2)(E). Even if such an objection was sustainable, failure to raise it is not serious enough error to overcome Strickland's presumption of competent representation. Furthermore, the other evidence implicating Crawford, described above, demonstrates that there was no prejudice.
 
 
 11
 We also agree that Crawford's counsel did not render ineffective assistance by declining to press for a three-level sentencing reduction under Sec. 2X1.1 of the United States Sentencing Guidelines. This section did not exist in the November 1989 version of the guidelines, which applied to Crawford's May-June 1990 criminal conduct. Although the November 1990 Guidelines included this section, Crawford's counsel could not have asked the sentencing court to apply it because it expressly applies only to conspiracies "[n]ot [c]overed by a [s]pecific [o]ffense [g]uideline." United States Sentencing Comm'n, Guidelines Manual Sec. 2X1.1, at 2.169 (Nov. 1990). Sections 2D1.4 and 2D1.1 governed sentencing for Crawford's offense. United States Sentencing Comm'n, Guidelines Manual, at 2.41, 2.53 (Nov. 1989) [1989 Guidelines].
 
 
 12
 Crawford's last ineffective assistance claim alleges that his counsel should have argued to the jury that the government needed to prove every element of the conspiracy beyond a reasonable doubt. Even if we assumed for the sake of argument that there was error, there still was no prejudice. The district court instructed the jury about the reasonable doubt standard and mentioned it on two other occasions in the jury instructions.
 
 III.
 
 13
 We turn from Crawford's ineffective assistance claims to the sentencing claim he included in his petition. His allegation, fairly construed, is that it would violate the Due Process Clause of the Fifth Amendment to use methamphetamine precursor chemicals, supplied by a government undercover agent, to set his base offense level. See 1989 Guidelines Sec. 2D1.4, at 2.53, Application Note 1. However, it is well settled that the government does not violate due process when an undercover agent supplies controlled-substance precursor chemicals to the members of a conspiracy to manufacture that substance. Hampton v. United States, 425 U.S. 484, 488-89 (1976); United States v. Russell, 411 U.S. 423, 431-32 (1973).
 
 IV.
 
 14
 In his "supplemental" appeal brief, Crawford argues that a November 1993 amendment to Guidelines Sec. 2D1.1 eliminates his sentence. Under the commentary to amendment 484, he argues, the district court could not have considered the precursor chemicals as a "mixture or substance" to set his base offense level. See United States Sentencing Comm'n, Guidelines Manual, app. C, amendment 484, at 322 (Nov. 1993) [1993 Guidelines].
 
 
 15
 Although Crawford did not include this issue in his petition, filed July 29, 1993, we consider it because it arose while his appeal was pending. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.1992). Crawford's "supplemental" brief may not have complied with the requirements of Fed.R.App. 28(c) or 28(j). However, because Crawford is a pro se appellant, we consider his argument notwithstanding our pleading requirements. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 698-99 (9th Cir.1990).
 
 
 16
 We reject Crawford's argument because his sentence does not depend on the application of the "mixture or substance" requirement. If Crawford had been sentenced under the 1993 Guidelines for conspiracy, the district court should have approximated the amount of methamphethamine he intended to distribute and manufacture. 1993 Guidelines, Sec. 2D1.1, Application Note 12, at 93. The district court should have used the greater approximation of the weight of actual methamphetamine or the weight of the mixture or substance including the methamphetamine. Id., n. *, at 86.
 
 
 17
 Judging from the precursor chemicals found in Crawford's car, the district court approximated that Crawford intended to manufacture five kilograms of methamphetamine. This approximation, of actual methamphetamine, not a mixture or substance containing methamphetamine, would have put his base offense level at 34 under the 1993 Guidelines--the same level as the 1989 Guidelines. Had the district court used the 1993 Guidelines, it would not have needed to resort to the part of the amendment from which Crawford appeals to set his base offense level at the same level.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Hon. Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3