50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiffs-Appellee,
v.
Roberto POLANCO-MORENO Defendant-Appellant.
 No. 94-10209.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 17, 1995.*
Decided March 21, 1995.
 
 1
 Before: SNEED and O'SCANNLAIN, Circuit Judges, and MERHIGE, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Polanco-Moreno appeals his jury conviction for various drug-related offenses. The Court has jurisdiction under 28 U.S.C. Sec. 1291.
 
 I.
 
 4
 This appeal arises out of a "sting" operation conducted in Las Vegas, Nevada in August, 1992. As result of this operation, Appellant was found guilty of conspiracy to distribute cocaine, 21 U.S.C. Sec. 846, possession with the intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), and unlawful use of a firearm, 18 U.S.C. Sec. 924(c). Appellant noted a timely appeal, and now challenges several district court rulings as well as the sufficiency of the evidence.
 
 II.
 A. Appellant's motion to suppress
 
 5
 Appellant challenges the district court's denial of his motion to suppress post-arrest statements made to two FBI agents. This Court reviews this claim de novo. United States v. Willard, 919 F.2d 606, 608 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991) (citing United States v. Guerrero, 847 F.2d 1363, 1365 (9th Cir.1988).
 
 
 6
 Upon arrest, Appellant was taken to a detention center where he signed an advisement of rights and waiver form. During an interview with the FBI, Appellant allegedly confessed to making a trip to Las Vegas for the purpose of selling cocaine, yet stated an unwillingness to implicate anyone else, remaining silent when questioned on that issue. Appellant was also asked if he was aware of the ramifications "if he did not cooperate with" the investigators. E.R. at 12. Appellant allegedly responded that he would be imprisoned until he was "fifty years old." Id. At some point, the interviewing agent suggested that if Appellant cooperated with the investigation, the government and the court would be so apprised. Id. at 25. Appellant moved to suppress the confession, and the district court denied the motion. Appellant argues that the district court erred because his waiver was the product of psychological coercion.
 
 
 7
 It is well settled that statements of an accused may not be used against him unless such statements are voluntary. Lego v. Twomey, 404 U.S. 477, 489 (1972); Guerrero, 847 F.2d at 1365. A statement is voluntary if "it is the product of a rational intellect and a free will." Guerrero, 847 F.2d at 1365 (citing Blackburn v. Alabama, 361 U.S. 199, 208 (1960)). Courts determining the nature of a statement must examine the totality of the circumstances, id., and the burden rests upon the government to prove that the statement was voluntary. United States v. Harrison, 34 F.3d 886, 890 (9th Cir.1994).
 
 
 8
 Appellant suggests that he waived his rights only because the agent made comments regarding cooperation and jail time. Such statements by an interrogator, however, do not render a statement involuntary "even when it is accompanied by a promise to recommend leniency or by speculation that cooperations will have a positive effect." Guerrero, 847 F.2d at 1366; accord Harrison, 34 F.3d at 891. An interviewing officer, however, may not threaten to inform the government of the defendant's refusal to cooperate without violating the defendant's Fifth Amendment rights. Id. (citing Guerrero, 847 F.2d at 1366 n. 5).
 
 
 9
 Upon review of the totality of the circumstances, including the lack of any evidence that the interviewer threatened either to inform the Government of any lack of cooperation or to treat Appellant more harshly absent cooperation, the Court concludes that Appellant's statements were voluntary. As regards, the agent's question, "[I]f [Appellant] knew what he was facing if he did not cooperate with us," this inquiry was nothing more than a segue into the more general question as to whether or not Appellant would, in fact, cooperate, and the possible consequences of cooperation. Quite simply, Appellant's free will was not "overborne." Harrison, 34 F.3d at 890 (quoting Guerrero, 847 F.2d at 1366)).
 
 
 10
 B. Appellants Fifth Amendment right to remain silent
 
 
 11
 Appellant next claims that the district court improperly allowed the government to cross-examine him on his "refusal to answer questions during the [post-arrest] interview." O.B. at 9. We review this contention de novo. United States v. Mayans, 17 F.3d 1174, 1185 (9th Cir.1994) (citations omitted).
 
 
 12
 Appellant's argument, aside from being a misstatement of the record, is meritless. It is true that prosecutors are prohibited by the Fifth Amendment from impeaching a defendant's exculpatory trial testimony with his choice to remain silent during a post-arrest interview. United States v. Makhlouta, 790 F.2d 1400, 1404 (9th Cir.1986) (citing Doyle v. Ohio, 426 U.S. 610 (1976)). "Where the defendant has voluntarily spoken after receiving Miranda warnings, however, Doyle does not bar 'cross-examination that merely inquires into prior inconsistent statements.... As to the subject matter of his statements, the defendant has not remained silent at all.' " Makhlouta, 790 F.2d at 1404 (quoting Anderson v. Charles, 447 U.S. 404, 408 (1980)). When post-arrest statements may "arguably" differ from the defendant's story at trial, a credibility issue exists. Makhlouta, 790 F.2d at 1404.
 
 
 13
 During the post-arrest interview, Appellant, while opting not to answer questions concerning other individuals, answered questions regarding his own criminal conduct. In fact, he allegedly confessed to the charges against him. This statement is not "arguably" different from Appellant's trial testimony, but totally different;[1] thus, the government was properly within reason when it "inquir[ed] into what was not said at the arrest." Makhlouta, 790 F.2d at 1404-05 (citations omitted). "Such inquiry is ... 'not designed to draw meaning from silence, but to elicit an explanation for a prior inconsistent statement.' " Id. (citing Charles, 447 U.S. at 409). Accordingly, we conclude that the district court did not err in permitting cross-examination on this subject.
 
 C. Examination of the cooperating witness
 
 14
 At trial, the district court limited Appellant's examination of a government informant on a prior misdemeanor conviction and permitted the government to question the witness on the risks associated with being an informant. Appellant cites error in both rulings.
 
 
 15
 This Court reviews a district court's evidentiary rulings, including limitations on cross-examination, for abuse of discretion. United States v. Catabran, 836 F.2d 453, 456 (9th Cir.1988); United States v. Vargas, 933 F.2d 701, 705 (9th Cir.1991). However, whether or not a limitation on cross-examination violates a defendant's Sixth Amendment right to confront witness is reviewed de novo. Vargas, 933 F.2d at 705.
 
 1. Informant's prior misdemeanor conviction
 
 16
 At trial, Appellant attempted to impeach the informant's credibility with two employment applications on which the witness failed to note a prior conviction for disorderly conduct. During questioning, Appellant attempted to refresh the witness' memory with the application forms, but the district court did not allow him to do so based on Federal Rules of Evidence 608 and 609. Appellant argues that the district court's ruling violated the confrontation clause of the Sixth Amendment.
 
 
 17
 A criminal defendant's confrontation rights are particularly significant when the witness has a "substantial reason to cooperate with the government." Mayans, 17 F.3d at 1184 (quoting United States v. Onori, 535 F.2d 938, 945 (5th Cir.1976)). Nevertheless, a district judge possesses 'wide latitude' to limit defense counsel's questioning of a witness without violating the defendant's right to confront adverse witnesses. Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir.) (quoting Michigan v. Lucas, 111 S.Ct. 1743 (1991)), cert. denied, 113 S.Ct. 1600 (1993). Indeed, "the defendant's right to present evidence is not absolute; he must comply with established rules of evidence and procedure." Carriger, 971 F.2d at 333.
 
 
 18
 The district court's ruling prohibiting Appellant from refreshing the witness' memory was entirely proper as extrinsic evidence of conduct is not permitted under Rule 608(b) to assail a witness' character for truthfulness. See United States v. Lew, 875 F.2d 219, 222-23 (9th Cir.1989) (extrinsic evidence of an incident of specific conduct offered to attack credibility properly excluded). Moreover, the desired content of the applications, a disorderly conduct conviction, is not admissible under Rule 609. See Fed.R.Evid. 609(a)(2). In short, Appellant was permitted, within the bounds of the applicable evidentiary rules, to inquire into the informant's failure to complete truthfully the applications. In response, the witness testified that he had failed to note the disorderly conduct conviction under penalty of perjury. See S.E.R. at 4-6. Appellant thus elicited both the conviction and the application omission from the witness and cannot now claim prejudice resulting from the district court's order.
 
 
 19
 2. Examination regarding the risks of being an informant
 
 
 20
 On direct examination, the informant testified that he had been paid substantial sums of money to act as a government informant. After a cross-examination during which the witness was questioned on these payments, the government received permission to question the witness about the risks of being an informant. Appellant asserts that the district court erred because such testimony was prejudicial.
 
 
 21
 Appellant's claim is wholly unpersuasive. Any such examination was properly within the scope of a redirect examination because defense counsel chose to question the witness on the payments. Moreover, the probative value of such testimony is plain--it rebuts any insinuations of bias raised during the cross-examination. Fed.R.Evid. 403. Finally, there is no cognizable argument that the Appellant was prejudiced by the testimony. Id.
 
 
 22
 D. Preclusion of the testimony of Appellant's wife
 
 
 23
 At trial, the district court denied Appellant's attempt to call his wife to testify that Appellant had never before sold drugs. Appellant argues that the district court's evidentiary ruling violated his Fifth and Sixth Amendment rights. While evidentiary rulings are generally reviewed for abuse of discretion, whether or not the court's ruling violated Appellant's constitutional rights is reviewed de novo. See Vargas, 933 F.2d at 705.
 
 
 24
 Appellant was seeking to have his wife testify, not about Appellant's general law-abiding character, but to specific instances of conduct, or the lack thereof. Federal Rule of Evidence 405(b) permits the introduction of prior instances of conduct to prove character when the prior conduct is probative of character and the defendant's character is "an essential element of his defense." United States v. Spencer, 1 F.3d 742, 744 (9th Cir.1992); Fed.R.Evid. 405(b). Because Appellant has wholly failed to establish that character was an "essential element" in this drug conspiracy, possession and distribution case, this claim is meritless. See Spencer, 1 F.3d at 744 (character not essential element of defendant's defense that he did not know of the presence of a gun). Moreover, the proffered evidence was not relevant because it would have had absolutely no bearing on Appellant's conduct on August 14, 1992. See United States v. Barry, 814 F.2d 1400, 1404 (9th Cir.1987) ("general evidence of an absence of criminal conduct is not probative of appellant's state of mind at the time he committed the crime"); United States v. Beverly, 913 F.2d 337, 353 (7th Cir.1990) (testimony that defendant had never seen defendant buy or sell drugs before not relevant to whether he did so on the day in question), cert. denied, 498 U.S. 1052 (1991); Fed.R.Evid. 401. Accordingly, the district court did not err in precluding the testimony.
 
 E. Sufficiency of the evidence
 
 25
 Appellant argues that the evidence was insufficient to convict him on any of the crimes for which he was tried. On review, this Court must ask whether, after viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Kaplan, 895 F.2d 618, 620 (9th Cir.1990) (emphasis in original).
 
 
 26
 1. Conspiracy to distribute and possession with the intent to distribute cocaine
 
 
 27
 Given the conclusion in Part II.A. that Appellant's confession was properly admitted, there clearly was sufficient evidence from which a reasonable jury could have convicted Appellant of both the conspiracy and possession counts. Thus, Appellant's argument as to counts one and two is unavailing.
 
 2. Illegal use of a firearm
 
 28
 Appellant was charged with illegal use of a firearm pursuant to 18 U.S.C. Sec. 924(c). The two distinct elements of this crime are the carrying of the firearm and the predicate drug trafficking offense in relation to which the firearm is carried.
 
 
 29
 Appellant challenges the district court's Pinkerton[2] instruction, arguing that a jury could not have convicted him of the gun charge because the instruction was flawed. Appellant first argues that the jury could not find him vicariously liable on the gun charge, as stated in the court's instruction, because the indictment is ambiguous. To the contrary, count three of the indictment was properly plead as it incorporated the predicate offenses by reference. Moreover, the conspiracy charge was proper as there is no requirement that overt acts be specifically alleged in the indictment. See United States v. Shabani, 993 F.2d 1419, 1420 (9th Cir.), rev'd on other grounds, 115 S.Ct. 382 (1994). Thus, Appellant's first argument is unpersuasive.
 
 
 30
 Appellant also argues that the instruction incorrectly permitted the jury to establish vicarious liability based on foreseeability. As purported evidence of confusion on this issue, Appellant cites a note submitted to the district court by the jury which concerned the Pinkerton instruction. Appellant relies on United States v. Castaneda, 9 F.3d 761 (9th Cir.), cert. denied, 114 S.Ct. 1564 (1994), in which this Court adhered to the principle that a conviction under Sec. 924(c) may be premised on Pinkerton, yet noted that due process concerns arise where a defendant's relationship to the Sec. 924(c) predicate offense is "slight." Id. at 766.
 
 
 31
 Resolution of this matter, however, simply is not impacted by the jury's Pinkerton question as Appellant "cannot establish any lack of foreseeability." Castaneda, 9 F.3d at 768. Indeed, there is substantial, if not overwhelming, evidence connecting Appellant to the predicate conspiracy and possession charges. As to carrying a firearm, the evidence unequivocally established that the arresting officers found a gun in Appellant's waistband. Given Appellant's substantial connections to the crimes charged, there are absolutely no constitutional concerns regarding the Pinkerton instruction. Castaneda, 9 F.3d at 766. Accordingly, we conclude that the evidence was sufficient to permit the jury to find "the essential elements of the crime beyond a reasonable doubt." Kaplan, 895 F.2d at 620.
 
 F. Accumulation of error
 
 32
 Lastly, Appellant asserts that the accumulation of error in this matter denied him a fair trial. The Court disagrees as there are no errors to aggregate.
 
 III.
 
 33
 The Court concludes that the allegations of error set forth by Appellant lack merit and that the evidence was sufficient to convict Appellant of the crimes with which he was charged. Accordingly, the conviction is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant testified that he travelled to Las Vegas to act as a body guard for another defendant who was purportedly carrying a large amount of cash to purchase "spots" at local flea markets, and that this job necessitated the carrying of a concealed firearm. See S.E.R. at 17; O.B. at 8. Upon giving this testimony, the Government asked Appellant why he did not provide the same response during the post-arrest interview
 
 
 [2]
 Under Pinkerton, a court may instruct that a conspirator can be convicted of offenses committed by another conspirator as long as such offenses were committed in furtherance of a conspiracy, or were reasonably foreseeable as necessary or natural consequences of the conspiracy. Pinkerton v. United States, 328 U.S. 640, 645-48 (1946). Under the facts of this case, an instruction of this nature was proper