**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steven Ralph SASSI, Defendant–Appellant.**

No. 92–1258.

United States Court of Appeals, Seventh Circuit.

Argued June 10, 1992.

Decided June 30, 1992.

Randy G. Massey, Office of the U.S. Atty., East St. Louis, Ill. (argued), for plaintiff-appellee.

Richard L. Stavins (argued), Robbins, Salomon, Wolf, Schlesinger & Miller, Chicago, Ill., Steven Schwarzbach, Schwarzbach & Schwarzbach, Highland Park, Ill., for defendant-appellant.

Before POSNER, COFFEY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Does 21 U.S.C. § 846, which penalizes conspiracy to distribute drugs, require proof of an overt act in addition to proof of agreement? The district judge thought not, and so instructed the jury. The court wrote on the defendant's proposed instruction: "overt act not required *US v. Scroggins*, 939 F.2d 416, 421 n. 4 (7th Cir.1991) ... refused." The jury convicted Steven Ralph Sassi of conspiring to possess LSD with intent to distribute that drug. Sassi was sentenced to 135 months' imprisonment. He observes, correctly, that note 4

of *Scroggins* is dictum and that the only case it cites does not support the proposition but instead deals with the contents of the indictment. See also, e.g., *United States v. Torres*, 965 F.2d 303, 307 (7th Cir.1992), repeating the view of *Scroggins* on concession of the defendant. Sassi asks us to reconsider, pointing to other cases stating that § 846 requires proof of an overt act. E.g., *United States v. Anderson*, 896 F.2d 1076, 1078 (7th Cir. 1990); *United States v. Mealy*, 851 F.2d 890, 895–96 (7th Cir.1988). In response the prosecutor cited *Scroggins* and no other authority—which is to say that the prosecutor did not address the argument.

■ The traditional definition of conspiracy is agreement to violate the law plus an act in furtherance of the criminal object. The all-purpose federal conspiracy statute, 18 U.S.C. § 371, incorporates both requirements: "If two or more persons conspire ... to commit any offense against the United States ... and one or more of such persons do any act to effect the object of the conspiracy," each has committed a crime. Conspiracy is a distinct crime because cooperation in the pursuit of a criminal end may promote success. Yet inchoate offenses are problematic, for they create the potential to punish harmless words and trivial deeds far removed from the threat against which the substantive statutes are directed. The overt act, like the substantial-step component of the law of attempt, helps to separate truly dangerous agreements from banter and other exchanges that pose less risk. *Yates v. United States*, 354 U.S. 298, 334, 77 S.Ct. 1064, 1084, 1 L.Ed.2d 1356 (1957).

Nonetheless, some statutes call the agreement itself the offense, reducing the overt act to the role of evidence that the agreement existed. See *United States v. Britton*, 108 U.S. 199, 204–05, 2 S.Ct. 531, 534, 27 L.Ed. 698 (1883). Just as a legislature may choose to dispense with the overt act as an element of the offense, so it may pick and choose, as the American Law Institute proposed in recommending that an overt act be required unless the object of

the conspiracy is a serious felony. *Model Penal Code* § 5.03(5) and comment 5 at 452–56 (1962, with 1985 commentary). The offense of conspiracy is a product of statutory rather than common or natural law, so the question for each statute is what the legislature provided.

■ Where stands § 846? Its text says that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties" as the substantive crime. The contrast with § 371, which speaks of conspiracy *plus* an act in furtherance, is striking. Whenever the Supreme Court has encountered a statute that, like § 846, makes "conspiracy" a crime but does not refer to an act in furtherance, it has held that proof of an overt act is unnecessary. E.g., *Nash v. United States*, 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232 (1913) (antitrust law); *Singer v. United States*, 323 U.S. 338, 65 S.Ct. 282, 89 L.Ed. 285 (1945) (military draft law). *Nash* and *Singer* give Congress a formulary: by choosing a text modeled on § 371, it gets an overt-act requirement; by choosing a text modeled on the Sherman Act, 15 U.S.C. § 1, it dispenses with such a requirement. Simple principles for identifying the elements of criminal offenses have much to recommend them, for they allow Congress to choose its words knowing their legal effect. Section 846, like the antitrust laws, does not mention acts in furtherance, and following *Nash* we conclude that such a statute has no hidden overt-act requirement.

Appellate decisions are all over the lot. Many, like our own opinions in *Anderson* and *Mealy*, do not differentiate § 846 from § 371 because none of the parties presented the question. Such opinions carry no precedential weight, because there was no contest, and language in passing does not set the law of the circuit. See *United States v. House*, 808 F.2d 508, 511 (7th Cir.1986). A few opinions, such as *United States v. Tavelman*, 650 F.2d 1133, 1140 (9th Cir.1981), and *United States v. Magana–Olvera*, 917 F.2d 401, 409 (9th Cir. 1990), say after what may have been contests on the subject that § 846 has an

overt-act requirement, but these opinions give no reasons. Every time the subject has been considered more carefully, the court has held that the prosecutor need not show an overt act to obtain a conviction under § 846. E.g., *United States v. Pumphrey*, 831 F.2d 307, 308–10 (D.C.Cir.1987); *United States v. Bey*, 736 F.2d 891, 893–95 (3d Cir.1984). Our own opinion in *United States v. Umentum*, 547 F.2d 987, 990–91 (7th Cir.1976), is in the latter group. After remarking the difference between § 371 and § 846 and citing *Nash* and *Singer*, we held that there is no overt-act requirement in prosecutions under § 846. None of our later passing remarks changes this conclusion, although they have sown confusion. *Umentum* remains the law of this circuit: in a prosecution under § 846 the indictment need not charge, the proof need not show, and the charge to the jury need not mention, an overt act in furtherance of the illegal objective.

■ Sassi presents a list of additional contentions, such as that his confession should not have been admitted into evidence because the agent did not at trial detail the warnings he had given. Whether interrogation complied with *Miranda* is a subject for a pretrial motion, Fed.R.Crim.P. 12(b)(3), which Sassi did not make. Trial was too late, Fed.R.Crim.P. 12(f), and counsel never formally objected to the introduction of the confession. The agent testified that he gave proper warnings, which may explain the lack of a motion to suppress. None of Sassi's other arguments requires separate discussion.

AFFIRMED.