# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 00-3400

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES G. COLVIN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 99-158-CR-01-D/F—**S. Hugh Dillin**, *Judge.*

_____

ARGUED NOVEMBER 6, 2002—DECIDED DECEMBER 24, 2003

_____

Before FLAUM, *Chief Judge*, and POSNER, COFFEY, EASTERBROOK, RIPPLE, MANION, KANNE, ROVNER, DIANE P. WOOD, EVANS, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge*. James Colvin was convicted on charges arising out of his role in a cross burning and sentenced to 22 years' imprisonment, all but two years of which were imposed under statutes calling for mandatory ten-year consecutive sentences. In this appeal, we must decide whether his conviction and ten-year consecutive sentence under 18 U.S.C. § 844(h)(1), which punishes the use of fire in the commission of "any felony," can be sustained when the predicate offense is a violation of 42

U.S.C. § 3631, intimidation and interference with federal housing rights, which is a felony if fire is used. We conclude that it can, and therefore affirm the § 844(h)(1) conviction on this basis, even though we agree with Colvin that his conspiracy conviction under 18 U.S.C. § 241 cannot serve as the predicate for application of § 844(h)(1).

Colvin was also convicted under 18 U.S.C. § 924(c) for using or carrying a firearm during a crime of violence, which also carries a mandatory consecutive term—in this case ten years because the firearm was a semiautomatic assault weapon. We agree that the district court should have submitted the firearm type (an element of the offense under the relevant version of the statute) to the jury, but the point was not raised at trial and we find no plain error warranting reversal. We therefore affirm.

## I.  BACKGROUND

Colvin and two of his acquaintances, Travis Funke and Lee Mathis, decided to burn a cross in front of the home of Luis Ortiz, a man of Puerto Rican descent whom Colvin mistakenly believed was his rival for the affections of a mutual friend. They apparently got the idea after Funke told Colvin about his participation in another cross burning several days earlier. Permission was obtained from Colvin and Funke's superior in the Indiana Ku Klux Klan and, emboldened after an evening of drinking, they, along with Mathis, built a cross in Colvin's garage. They wrapped it in old sheets, doused it with flammable liquids, loaded it into Colvin's truck, and drove to Ortiz's home, where they positioned the cross in the front yard. Mathis set the cross on fire while Colvin sat in his truck and watched. Funke, standing near the truck, asked Colvin to hand him one of two guns (a semiautomatic assault rifle and a handgun) lying in the truck, in case someone came out. Colvin gave

him the handgun but, fortunately, no one appeared and the gun was not fired.

Funke and Mathis entered into plea agreements, in which they agreed to cooperate, and they were not charged with the offenses carrying the mandatory consecutive punishments. Funke was sentenced to 46 months' imprisonment and Mathis was sentenced to 30 months. They both testified at Colvin's trial, and the jury convicted him of: (1) intimidation and interference with the exercise of housing rights by use of fire (42 U.S.C. § 3631); (2) conspiracy to threaten or intimidate persons in the free exercise or enjoyment of housing rights (18 U.S.C. § 241); (3) use of fire in the commission of a felony (*id.* § 844(h)(1)); and (4) using or carrying a firearm during a crime of violence (*id.* U.S.C. § 924(c)). The district court sentenced Colvin to 22 years' imprisonment, including concurrent two-year sentences on the § 3631 and § 241 charges and ten-year sentences on the § 844(h)(1) and § 924(c) charges, to run consecutive to each other and to the § 3631 and § 241 sentences. Colvin appeals his convictions for violations of the statutes carrying the mandatory consecutive ten-year sentences—§§ 844(h)(1) and 924(c).

## II. ANALYSIS

A. Using Fire in the Commission of a Felony
  (18 U.S.C. § 844(h)(1))

  1. 42 U.S.C. § 3631 as predicate felony.

Colvin asserts that his conviction under § 844(h)(1) for using fire in the commission of a felony violates the Double Jeopardy Clause of the Fifth Amendment to the extent it is based on his conviction under 42 U.S.C. § 3631, which itself carries an enhanced punishment for using fire. The Double Jeopardy Clause protects individuals from being subjected to trial and possible conviction more than once for the same

offense. *Missouri v. Hunter*, 459 U.S. 359, 365 (1983). For multiple sentences imposed in a single trial, however, the Double Jeopardy Clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.*; *see also United States v. Handford*, 39 F.3d 731, 735 (7th Cir. 1994) (explaining why the Double Jeopardy Clause has been interpreted in this way). Our focus, therefore, is on whether Congress intended to authorize cumulative punishment under 18 U.S.C. § 844(h)(1) when the predicate felony already contains an enhancement for the use of fire.

We begin with the language of § 844(h)(1), which provides:

> Whoever—
>
> (1) uses fire or an explosive to commit *any felony* which may be prosecuted in a court of the United States, *. . . including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall*, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years. . . . Notwithstanding any other provision of law, . . . the term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried.

18 U.S.C. § 844(h)(1) (emphasis added). In two earlier cases considering the application of § 844(h)(1) in the context of cross burnings, *United States v. Hartbarger*, 148 F.3d 777 (7th Cir. 1998), and *United States v. Hayward*, 6 F.3d 1241 (7th Cir. 1993), we concluded that the "any felony" language in the opening clause of the statute by itself expressed Congress' intent to reach fire-related felonies, and therefore affirmed the convictions under § 844(h)(1) based on the

defendants' conviction for conspiracy to interfere with federal housing rights under 18 U.S.C. § 241. *See Hartbarger*, 148 F.3d at 785; *Hayward*, 6 F.3d at 1246-47. Other courts have arrived at similar results, relying on § 844(h)(1)'s specification that the punishment is "in addition to the punishment provided for" the underlying felony and the direction that the punishment be imposed consecutively with "any other term of imprisonment." *See United States v. Riggio*, 70 F.3d 336, 339 (5th Cir. 1995); *United States v. Stewart*, 65 F.3d 918, 928 (11th Cir. 1995); *United States v. Ramey*, 24 F.3d 602, 610 (4th Cir. 1994); *cf. Blacharski v. United States*, 215 F.3d 792, 794 (7th Cir. 2000) (examining § 844(h)(1) as applied to the use of explosives).

Because *Hartbarger* and *Hayward* relied on the § 241 conspiracy charges as the predicate felony, they do not directly answer the question of the appropriateness of the application of § 844(h)(1) to § 3631, *see Hartbarger*, 148 F.3d at 786 n.8, which, unlike § 241, specifies greater punishment if fire is used:

> Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—
>
> > (a) any person because of his race . . . and because he is or has been selling, purchasing, renting, financing, occupying, or contracting or negotiating for the sale, purchase, rental, financing or occupation of any dwelling . . .
>
> shall be fined under title 18 or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section *or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or*

> *fire* shall be fined under title 18 or imprisoned not
> more than ten years, or both. . . .

42 U.S.C. § 3631 (emphasis added). Colvin argues that
when the underlying offense already contains an enhanced
punishment for the use of fire, the Supreme Court's decision
in *Busic v. United States*, 446 U.S. 398 (1980), controls.

In *Busic*, the Court, interpreting an earlier version of 18
U.S.C. § 924(c) (which imposed a mandatory consecutive
punishment for using a firearm to commit a felony), held
that language such as "any felony," "shall [be] in addition
to," and "shall not run concurrently" did not sufficiently
express Congress' intent so as to override the ordinary
presumption that Congress did not enact two statutes pro-
scribing the same offense. *Busic*, 446 U.S. at 405; *see
also Simpson v. United States*, 435 U.S. 6, 12-13 (1978). The
Court reasoned that these phrases did not make clear how
Congress "intended to mesh the new enhancement scheme
with analogous provisions in pre-existing statutes defining
federal crimes." *Busic*, 446 U.S. at 405.

After the Supreme Court's decision in *Busic*, Congress
amended § 924(c) to ensure that the enhancement is avail-
able even when the underlying felony already provides for
enhanced punishment, specifying that the predicate offense
includes those that " 'provide[] for an enhanced punishment
if committed by the use of a deadly or dangerous weapon or
device.' " *See United States v. Gonzales*, 520 U.S. 1, 10-11
(1997) (quoting Comprehensive Crime Control Act of 1984,
Pub. L. No. 98-473, § 1005(a), 98 Stat. 2138-2139). After the
statute was amended, when the Court returned to the
question of Congress' intent in *Gonzales*, it saw less ambi-
guity in the sort of language that it had found wanting in
*Busic. See id.* at 10. In *Gonzales*, the Court rejected the
defendant's assertion that § 924(c)'s requirement that the
sentence run consecutively to "any other term of imprison-

ment" should be read to apply only to federal, and not state, prison terms, noting that the statute "speaks of 'any term of imprisonment' without limitation." *Id.* at 9. Although *Gonzales* did not involve a challenge under double-jeopardy principles, the Court concluded that, with respect to the double-enhancement issue in *Busic*, the 1984 amendment eliminated any ambiguities about Congress' intent: "Congress made clear its desire to run § 924(c) enhancements consecutively to all other prison terms, regardless of whether they were imposed under firearms enhancement statutes similar to 924(c)." *Id.* at 10; *see also Hanford*, 39 F.3d at 734-35. And even though the amended language did not specify that state terms were not excluded, it reinforced the Court's conclusion that the breadth of the language left no room to speculate about any such intended exception. *Gonzales*, 520 U.S. at 10-11.

We believe that the language added by a 1988 amendment to § 844(h)(1), like the 1984 amendment to § 924(c) considered in *Gonzales*, eliminates any doubt about whether Congress intended to impose cumulative punishment when applied to statutes containing an enhanced punishment for the use of fire. The 1988 amendment to § 844(h)(1) inserted, after "any felony," the same language Congress used when it amended § 924(c) to overcome the result in *Busic*: "including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device . . . ." Anti-Drug Abuse Amendments Act of 1988, Pub. L. No. 100-690, Title VI, § 6474(b), 102 Stat. 4379, 4380; *compare* Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, Title II, § 1005(a) (amending § 924(c)) ("including a crime of violence which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device").

Colvin finds it significant that this new language specifies the application of § 844(h)(1) to offenses that carry an

enhancement for the use of "a deadly or dangerous weapon or device," but does not mention the use of fire. As a matter of statutory construction, however, "including" usually signals illustration, not exhaustion. *See, e.g., Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003); *Hernandez-Mancilla v. I.N.S.*, 246 F.3d 1002, 1008 (7th Cir. 2001); *Richardson v. Nat'l City Bank of Evansville*, 141 F.3d 1228, 1232 (7th Cir. 1998). Furthermore, we think fire, under the most straightforward reading of the statute, is encompassed within the phrase "deadly or dangerous weapon or device." As the Tenth Circuit observed, the new clause also omits any mention of explosives, *see United States v. Grassie*, 237 F.3d 1199, 1214 (10th Cir. 2001), and because Congress switched to different language in this clause, we cannot infer that its failure to repeat the word "fire" is any more significant than its failure to repeat the word "explosive." Instead, we agree with the Tenth Circuit that the structure of the statute suggests that Congress intended to treat fires and explosives as interchangeable:

> By pairing fire with explosives in § 844(h)(1), Congress clearly placed these weapons in parity, and signaled its view that the commission of felonies by these means constitutes the use of a deadly or dangerous weapon or device. . . . It is irrational to view § 844(h)(1) as first explicitly linking fire and explosives for additional punishment when used in committing any felony then, sub silentio, delinking fire from that pairing for purposes of the cumulative punishment clause which refers expansively to deadly or dangerous weapons or devices.

*Id.* at 1215. And the circumstances of the amendment—adding the same language that was added to § 924(c) in response to *Busic*—suggest that Congress intended, not to draw a distinction between fire and explosives, but to overcome the Court's uncertainty about the intended appli-

cation of enhanced punishment to offenses already containing similar enhancements.

Colvin asserts that the Tenth Circuit's opinion in *Grassie* is distinguishable because in that case, fire was used to destroy a building, and in this case, it was used for "symbolic" purposes. It makes sense, according to Colvin, for Congress to limit the use of cumulative punishment under § 844(h)(1) to the most "serious" cases, which Colvin asserts is those cases in which fire was intended to be used, and in fact was used, as a weapon. Colvin's effort to distinguish *Grassie* does not stand up to scrutiny. Fire was used in *Grassie* as a weapon of destruction and in this case as a weapon of intimidation, and there is nothing in § 844(h)(1) that suggests that an intent to cause physical harm is at all relevant. Furthermore, "deadly" and "dangerous" ordinarily refer not to the actual harm that results, but to the potential or risk of serious harm. An instrumentality may be dangerous even though, in a particular case, serious harm was not intended and was in fact avoided. As with explosives, the fact that the fire used to commit the felony did not cause physical harm, and was not intended to, does not negate the potential for harm suggested by the phrase "deadly or dangerous weapon or device."[1]

As Colvin points out, however, § 3631 is a felony only if fire, explosives, or a dangerous weapon is used (or if there

---

[1] As we explained in *Hayward*, the incidental use of fire does not fall within § 844(h)(1)'s ambit. *See* 6 F.3d at 1246. So the thief who uses a cigarette lighter to illuminate a keyhole does not use fire to commit the burglary but merely to facilitate its commission. *Id.* By contrast, a defrauder who sets fire to his business to collect insurance proceeds uses fire to commit his crime. *See United States v. Ruiz*, 105 F.3d 1492, 1503-04 (1st Cir. 1997), *cited with approval in United States v. Zendeli*, 180 F.3d 879, 885 (7th Cir. 1999).

are other specified aggravating circumstances not relevant here). This raises the question whether the reference to "any felony" in the opening sentence of § 844(h)(1) requires that the predicate offense be a felony without regard to the conduct signaled out for additional punishment. If so, then § 844(h)(1) would not apply to § 3631 because, without the use of fire (or a dangerous weapon or explosives), the underlying offense is a misdemeanor. This reading, however, is inconsistent with the result in *Grassie*, which, like this case, involved the application of § 844(h)(1) to a statute that describes both a misdemeanor and, if fire, dangerous weapons, or explosives are used, a felony. *See Grassie*, 237 F.3d at 1213; 18 U.S.C. § 247(d)(3) & (4). Furthermore, § 3631, we think, describes separate offenses, and not one offense with varying punishments, *cf. Castillo v. United States*, 530 U.S. 120 (2000); *Jones v. United States*, 526 U.S. 227 (1999), and that is how it was understood at trial.[2] The offense that Colvin was convicted of was the aggravated, felony offense, and that is the offense to which "any felony" in the opening sentence of § 844(h)(1) refers. Even though this felony punishes the use of fire, the 1988 amendment to § 844(h)(1) makes clear that Congress intended separate punishment under § 844(h)(1). *Cf. Gonzales*, 520 U.S. at 11. Any narrower reading of the language of § 844(h)(1) would be difficult to reconcile with the Supreme Court's expansive reading in *Gonzales* of similar language in § 924(c) and its holding that the 1984 amendment to that statute foreclosed any argument about intended exceptions. *See id.*[3]

---

[2] The jury was instructed that in order to convict Colvin on the § 3631 charges, it had to find that his "conduct involved the use or attempted use of fire."

[3] Because we believe the statute is clear, we have no occasion to apply the "same elements" rule of construction set forth in

(continued...)

The punishment for the use of fire in § 844(h)(1), when applied in conjunction with a felony already punishing the use of fire, is severe, but we see no adequate reason to conclude that Congress intended that fire be treated differently for purposes of § 844(h)(1) than explosives or other dangerous weapons. Like § 924(c), § 844(h)(1) was designed to discourage offenders from choosing particularly dangerous means of accomplishing their objectives, and Congress has made clear that those who do are subject to punishment under § 844(h)(1) in addition to any enhanced punishment imposed for the underlying felony. We therefore reject Colvin's arguments that the prosecution and punishment under § 3631 and § 844(h)(1) violate the Double Jeopardy Clause.

2.   18 U.S.C. § 241 as predicate felony.

Colvin argues that it makes no sense to speak of using fire to commit a conspiracy under 18 U.S.C. § 241; the § 241 offense is the agreement, and one cannot use fire to form an agreement unless, for example, the conspirators "communicated across the Mississippi River by smoke signals or by hanging a lantern in a belfry." *See United States v. Corona*, 108 F.3d 565, 573 (5th Cir. 1997).

The government points out that we have approved the use of § 241 to support a conviction under § 844(h)(1). *See Hartbarger*, 148 F.3d at 785; *Hayward*, 6 F.3d at 1246. Our earlier opinions, however, did not address the argument Colvin raises here. *See Hayward*, 6 F.3d at 1249 n.9 (noting, but declining to address, the argument). The government further asserts that the conspirators' use of fire in this case

---

(...continued)
*Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See Missouri v. Hunter*, 459 U.S. 359, 367 (1983).

was an overt act in furtherance of their agreement and that this use of fire—to commit an overt act—is sufficient for application of § 844(h)(1). The problem with the government's argument is that § 241 does not specify an overt-act requirement and the Supreme Court has never inferred such a requirement when the statute did not specify one. *See United States v. Shabani*, 513 U.S. 10, 13-14 (1994); *Singer v. United States*, 323 U.S. 338, 340 (1945); *Nash v. United States*, 229 U.S. 373, 378 (1913). In *Shabani*, the Court, considering the drug conspiracy statute, 21 U.S.C. § 846, noted that it was passed against the background of the general conspiracy statute, which requires an overt act, and the Sherman Act, which does not. *Compare* 18 U.S.C. § 371, *with* 15 U.S.C. § 1. The Court's earlier opinions interpreting conspiracy statutes " 'g[a]ve Congress a formulary: by choosing a text modeled on § 371, it gets an overt-act requirement; by choosing a text modeled on the Sherman Act, 15 U.S.C. § 1, it dispenses with such a requirement.' " *Shabani*, 513 U.S. at 14 (quoting *United States v. Sassi*, 966 F.2d 283, 284 (7th Cir. 1992)). The reasoning in *Shabani* and our opinion in *Sassi* apply with equal force here, and we therefore agree with those circuits that have held that *Shabani* compels a conclusion that an overt act is not required under § 241. *See United States v. Whitney*, 229 F.3d 1296, 1301 (10th Cir. 2000); *United States v. Crochiere*, 129 F.3d 233, 237 (1st Cir. 1997); *see also United States v. Skillman*, 922 F.2d 1370, 1375-76 (9th Cir. 1991); *United States v. Morado*, 454 F.2d 167, 169 (5th Cir. 1972).[4] Because the conspiracy offense is the agreement

---

[4] Later cases from the Fifth Circuit say that an overt act is required for § 241, but those cases were decided before *Shabani*. *See United States v. Greer*, 939 F.2d 1076, 1099 (5th Cir. 1991); *United States v. McKenzie*, 768 F.2d 602, 606 (5th Cir. 1985); *United States v. Kimble*, 719 F.2d 1253, 1256 (5th Cir. 1983). The Sixth

(continued...)

alone, and because fire was not used in this case to form that agreement, fire could not have been used to commit the § 241 conspiracy. We therefore conclude that the § 241 offense cannot support Colvin's § 844(h)(1) conviction for using fire to commit a felony, and overrule *Hartbarger*, 148 F.3d at 777, and *Hayward*, 6 F.3d at 1241, to the extent they are inconsistent with this opinion.

### 3.   The jury instructions.

The jury was instructed that to convict under § 844(h)(1), it was required to find that Colvin intentionally used fire to commit a federal felony, and that it could consider Colvin's guilt on the § 844(h)(1) charge if it found him guilty under either § 3631 or § 241. Colvin argues that if one or the other predicate felony is illegitimate, then the § 844 conviction cannot stand because we cannot tell on which felony the jury relied. "Usually, when a jury enters a general verdict of guilty and the verdict may have rested on an invalid ground, the appellate court will reverse the verdict because it is impossible to determine whether the verdict rested on a proper or improper ground." *United States v. McKinney*, 954 F.2d 471, 475 (7th Cir. 1992); *see also Yates v. United States*, 354 U.S. 298, 312 (1957) ("[A] verdict [must be] set aside in cases where the verdict is supportable on one ground, but not another, and it is impossible to tell which ground the jury selected."); *Griffin v. United States*, 502 U.S. 46, 59 (1991) (limiting *Yates* to cases in which one of the grounds is legally, not merely factually, inadequate). Colvin asserts that his § 844(h)(1) conviction must be reversed because it might have been based on § 241.

_____

(...continued)

Circuit has also stated, in dicta, and without reference to *Shabani*, that an overt act is required under § 241. *See United States v. Brown*, 49 F.3d 1162, 1165 (6th Cir. 1995).

As Colvin concedes, however, he failed to object to the instructions at trial, so our review is for plain error. *See McKinney*, 954 F.2d at 476. This standard requires "(1) error, (2) that is plain, and (3) that affects substantial rights. . . . If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotations and citations omitted); *United States v. Nance*, 236 F.3d 820, 824 (7th Cir. 2000). The burden of establishing that the error affected substantial rights— that the outcome probably would have been different without the error—is on the defendant. *United States v. Olano*, 507 U.S. 725, 734 (1993). In this context, to warrant reversal under plain error review, Colvin must show that the jury probably convicted him on the § 844(h)(1) charge based on the § 241 conspiracy alone. *See McKinney*, 954 F.2d at 476 (holding that there was no plain error when it was unlikely that the jury would have convicted on the impermissible ground); *United States v. Turcks*, 41 F.3d 893, 899 (3d Cir. 1994) (same); *see also United States v. Lindsey*, 123 F.3d 978, 985-86 (7th Cir. 1997) (reversal not warranted when the record plainly supported a permissible theory).

We do not see how the jury could have convicted Colvin of using fire to commit the § 241 conspiracy and not the § 3631 felony. The jury was instructed that, in order to convict Colvin on the § 3631 felony charges, it had to find that the intimidation "involved the use or attempted use of fire." Colvin has pointed to no evidence of his attempted use of fire or evidence that would otherwise have supported a conviction under § 3631 without a finding that he used fire to commit that offense. If we assume that the jury correctly followed the instructions, and we do, *see United States v. Adkins*, 274 F.3d 444, 452 (7th Cir. 2001), it could not

conclude that Colvin used fire to interfere with housing rights under § 3631 and at the same time, for purposes of § 844(h)(1), conclude that he did not use fire to commit the § 3631 felony. Because it is highly unlikely that the jury convicted Colvin under § 844(h)(1) based on the § 241 conspiracy alone, he has not established plain error warranting reversal.

### B.   Using or Carrying a Firearm (18 U.S.C. § 924(c))

The district court imposed a ten-year sentence under 18 U.S.C. § 924(c)(1) for Colvin's using or carrying a semiautomatic assault weapon during and in relation to the cross burning. Under the current version of § 924(c)(1), firearm type is a sentencing factor, which means that it need not be submitted to the jury. *United States v. Sandoval*, 241 F.3d 549, 551 (7th Cir. 2001). Colvin, however, was convicted under an earlier version of § 924(c)(1) that created separate crimes based on the type of weapon used, *see Castillo v. United States*, 530 U.S. 120 (2000), and therefore the district court erred in not submitting the firearm type to the jury.

Once again, however, because Colvin did not object to this error below, we review for plain error, and under this standard, Colvin must show that no reasonable jury could have found beyond a reasonable doubt that the firearm he used or carried was a semiautomatic rifle and that a miscarriage of justice would result if we failed to notice the error. *See Olano*, 507 U.S. at 734; *United States v. Pena-Lora*, 225 F.3d 17, 31 (1st Cir. 2000).

Colvin argues that no reasonable jury could have found that the firearm he carried in his truck was a semiautomatic rifle. He claims that the evidence that he possessed

such a weapon was equivocal[5] and that the jury might have convicted on the § 924(c) charge based on the handgun held by Funke while Mathis lit the fire. Even assuming that the evidence was equivocal, we affirm because Colvin's concessions make clear that no miscarriage of justice resulted. He conceded in his opening brief that he carried a firearm while committing the cross burning: "the [firearm] remained in the truck, with Colvin," *see United States v. Mancillas*, 183 F.3d 682, 708 (7th Cir. 1999) (holding that an individual who knowingly possesses firearms in a vehicle he accompanies "carries" a firearm for § 924(c) purposes), and he conceded at sentencing that this firearm was a semiautomatic assault weapon. In light of these concessions, and Colvin's failure to adequately preserve his claim of error, we find no reason to disturb the ten-year sentence under § 924(c)(1).

## III.  CONCLUSION

Although a cross burning is undeniably a serious crime deserving of harsh punishment, there is room to question the wisdom of the sort of mandatory statutory terms that

---

[5]  At trial, both of Colvin's co-conspirators testified about the firearm carried by Colvin during the cross burning. Mathis testified that Colvin said he had to "get his SK" as the three were preparing to leave Colvin's home on the night of the cross burning. Based on his military experience, Mathis testified that "SK" is a shorthand reference for a SKS assault rifle, a semiautomatic assault weapon. Both Funke and Mathis testified that Colvin carried the firearm in his truck that night. Finally, in a stolen property affidavit filed after he participated in the cross burning, Colvin stated that one of his stolen guns was an SKS folding stock semiautomatic handgun. This same firearm was admitted at trial and identified by both Funke and Mathis as at least similar to the rifle carried in Colvin's truck.

require a first-time offender to receive a sentence on par with one for murder. Nevertheless, "it is not for the courts to carve out statutory exceptions based on judicial perceptions of good sentencing policy." *Gonzales*, 520 U.S. at 10; *see also Hayward*, 6 F.3d at 1246 n.6 ("'[T]he remedy for any dissatisfaction with the results in [this case] lies with Congress and not with this Court.'") (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 576 (1982)). We trust, however, that prosecutors exercise the power afforded to them by these sorts of statutes with an eye toward justice, mindful of the discretion that is essential to the proper functioning of the criminal justice system. *See United States v. Zendeli*, 180 F.3d 879, 886-87 (7th Cir. 1999).

Because we find no error warranting reversal, the judgment of the district court is AFFIRMED.

RIPPLE, *Circuit Judge*, with whom MANION, KANNE, ROVNER, and EVANS, *Circuit Judges*, join, dissenting in part. This case presents an issue of statutory construction that this court previously had reserved explicitly in *United States v. Hartbarger*, 148 F.3d 777, 785 n.8 (7th Cir. 1998). In a thoughtful opinion, my colleagues take the view that a conviction for cross-burning under 42 U.S.C. § 3631 can serve as a predicate felony for application of 18 U.S.C. § 844(h)(1). Because I believe that this interpretation is

contrary to the plain text of the statutory provisions, I respectfully part company from my colleagues on this issue.[1]

I begin with a point of agreement between my colleagues and myself. It is quite clear that Congress intended that § 844(h)(1) be given a broad reading. The text of the statute requires its application, and the consequent imposition of a consecutive sentence, on a person who "uses fire or an explosive to commit any felony." 18 U.S.C. § 844(h)(1). To emphasize its intended scope, the text makes clear that the term "felony" includes any felony "which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." *Id.* § 844(h).

At this point, then, we must turn to § 3631 and determine whether it can serve as a predicate for the operation of § 844(h)(1). Section 3631 proscribes a broad range of discriminatory activity and, consequently, also prescribes a variety of penalties that depend on Congress' estimation of the gravity of the particular criminal activity committed. The baseline incarceration penalty is for a term of one year. *See* 42 U.S.C. § 3631. Only if bodily injury results or if the acts include the use, attempted use or threatened use of a dangerous weapon, explosives, or fire does the permitted incarceration penalty rise above the one-year limitation. *See id.* In short, Congress determined that the use of fire was a factor that made the perpetrator a felon and deserving of a greatly enhanced punishment.

We therefore are faced with the issue of whether Congress, in enacting § 844(h)(1), intended to impose a second enhancement for the same act—the use of fire. Here, the plain text of the statute supplies the answer. Congress

---

[1] On all other issues, I agree with the views set forth in the majority opinion.

explicitly determined that this enhancement was to be imposed on a person who used fire or an explosive to commit a felony, "including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." 18 U.S.C. § 844(h). Notably, Congress did not include in this latter phrase felonies committed by the use of fire. This omission cannot be considered an oversight. Congress clearly knows how to distinguish "fire" from "dangerous weapon or device." Indeed, the very portion of § 3631 at issue in this case makes that distinction. The natural reading of § 844(h)(1) is that, although Congress wanted the enhanced penalty to apply when the felony already had been increased because it involved a deadly or dangerous weapon or device, it did not intend for this enhancement to apply when the criminal activity was caused by fire.

The language employed by Congress in the initial sentence of § 844(h)(1) is also important. The statutory language is aimed at a person who "uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States." 18 U.S.C. § 844(h)(1). This language is most naturally read as requiring the enhancement when fire is used in the commission of a crime whose felonious nature is not dependent on the use of fire. Such a reading would certainly be in keeping with Congress' manifest intent to increase the punishment when a crime is committed using a means—fire or an explosive—that increases substantially the probability of death or injury. In the case of acts in violation of § 3631, however, there is no pre-existing felony. Rather, it is the use of fire that causes the activity to be felonious. In short, Congress already has provided for the increased dangerousness by the imposition of the enhancement. In effect, § 3631 makes it a felony, punishable by a maximum sentence of ten years, to intimidate a person on the grounds set forth in the statute

through the use of fire. That felony is committed only when fire is used; intimidation without the fire (or another implement named in the statute) is a misdemeanor offense.

Resort to the elements test enunciated in *Blockburger v. United States*, 284 U.S. 299 (1932), is inappropriate in this situation because the statutory language is clear. We must remember that, even when the elements of the offenses are different, Congress may have intended that cumulative punishments were not desirable. *See Whalen v. United States*, 445 U.S. 684, 693 n.7 (1980).

Reasonable people can differ in their estimation of the wisdom of Congress in setting the penalties of § 3631. A straightforward reading of the text of the two statutory sections requires, however, that we hold that the enhancement contained in § 844(h)(1) does not apply to the defendant in this case.


A true Copy:

        Teste:


                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*