# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-2651

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

JOSEPH D. KONOPKA,

*Defendant-Appellant*.

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02-CR-87—**Lynn Adelman**, *Judge*.

———————

ARGUED APRIL 4, 2005—DECIDED MAY 31, 2005

———————

Before POSNER, ROVNER, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*.    Between 1997 and 2001, Joseph Konopka, alias Dr. Chaos, a self-styled supervillain, together with accomplices (some recruited from the Web site "Teens for Satan"), committed a series of criminal acts apparently just for the hell of it—acts such as destroying electrical and telecommunications facilities, disabling airline navigation systems, setting fire to buildings, intercepting electronic communications, and trafficking in counterfeit goods. In the present litigation he pleaded guilty to a variety of offenses, including both arson, in violation of 18 U.S.C.

§ 844(i), for setting fire to a building in which sauerkraut was being manufactured; and using fire to commit a federal felony, in violation of 18 U.S.C. § 844(h). This latter section provides, so far as bears on this case, that anyone who "uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States . . . shall, in addition to the punishment provided for such a felony, be sentenced to imprisonment for 10 years." Here the "any felony" would have to be the torching of the sauerkraut factory.

Before sentencing, Konopka moved to withdraw his guilty plea on the ground that Congress did not intend section 844(h) to apply when the underlying felony (the "any felony" to which the section refers) is arson. The district judge denied the motion (and later sentenced the defendant to 20 years and 10 months in prison) on the ground that Congress did intend the section to apply; and this is the only ground on which the government defends the judge's ruling in this court. It does not contend that the guilty plea waived the defendant's challenge to the 10-year section 844(h) add-on. Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides that "a defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Konopka had a good reason. Even after sentencing, we note parenthetically, if "the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty," *United States v. Menna*, 423 U.S. 61, 62 n. 2 (1975) (per curiam); see *United States v. Bell*, 70 F.3d 495, 496 (7th Cir. 1995), provided that the constitutional infirmity is apparent from the record, without need for

further factual inquiry. *United States v. Broce*, 488 U.S. 563 (1989); *Dawson v. United States*, 77 F.3d 180, 183 n. 3 (7th Cir. 1996). *Menna* was a double jeopardy case, but this one is too, even though there was no attempt to try the defendant a second time; for the Supreme Court has ruled that the double jeopardy clause also "prevent[s] the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); see also *United States v. McCarter*, No. 04-1684, 2005 WL 1022983, at *2 (7th Cir. Apr. 27, 2005).

In any event, as we said, Konopka had a good reason for asking for leave to withdraw his guilty plea. For why would Congress want the use of fire to enhance the punishment for using fire? Even the assistant U.S. attorney who argued the appeal could not think of any reason for such a strange result. He rested his case entirely on our decision in *United States v. Colvin*, 353 F.3d 569 (7th Cir. 2003) (en banc), but it is readily distinguishable. The underlying felony there was intimidating people in the exercise of their federal housing rights by means of fire, 42 U.S.C. § 3631, to wit the burning of a cross in the front yard of a person's home by members of the Ku Klux Klan. We held that section 844(h) applied. Cross burning, unlike arson, is not punished because fire is dangerous, but because the burning of the cross is a method of racist intimidation used by the Ku Klux Klan. *United States v. Hayward*, 6 F.3d 1241, 1250 (7th Cir. 1993); S. Rep. No. 149, 103d Cong., 1st Sess. 2 (1993); see *Virginia v. Black*, 538 U.S. 343, 343-44 (2003). Section 844(h) reflects the view of Congress that fire (or the use of explosives, which is also covered by the section) is especially dangerous because it can so easily get out of hand and cause widespread destruction and that therefore felonies effected by means of fire should be punished more severely than felonies effected by other means. *United States v. Colvin*, *supra*, 353 F.3d at 575; *United*

*States v. Patel*, 370 F.3d 108, 115 (1st Cir. 2004); *United States v. Grassie*, 237 F.3d 1199, 1215 (10th Cir. 2001). But the heavy federal penalty for arson, see 18 U.S.C. § 844(i) (5 to 20 years even if no one is injured), is based on precisely the same idea— that fire is abnormally dangerous. *United States v. Zendeli*, 180 F.3d 879, 880 (7th Cir. 1999); *United States v. Hicks*, 106 F.3d 187, 192 (7th Cir. 1997). The policy of section 844(h) is not embodied in the cross-burning statute, but is in the arson statute, so that the government's position amounts to arguing that in enacting that section Congress intended to increase the sentence for arson by 10 years. There is no indication of such an intention. The statute contemplates some double enhancements, for the 10 years must be added even to sentences for "a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." See *United States v. Colvin*, *supra*, 353 F.3d at 573. But arson is not such a felony.

It seems, therefore, that the term "any felony" in section 844(h) means any felony other than arson and conspiracy to commit arson. And so the cases hold, *United States v. Gardner*, 211 F.3d 1049, 1056-57 (7th Cir. 2000); *United States v. Patel*, *supra*, 370 F.3d at 115 n. 5; *United States v. Corona*, 108 F.3d 565, 571 (5th Cir. 1997); *United States v. Karlic*, 997 F.2d 564, 571 (9th Cir. 1993); see also *United States v. Chaney*, 559 F.2d 1094, 1096 (7th Cir. 1977), the *Colvin* case being as we said distinguishable; and likewise *Blacharski v. United States*, 215 F.3d 792 (7th Cir. 2000), on which the district judge relied. Although there is some broad language in that opinion (which does not cite any of the decisions we have just cited) and one of the underlying felonies was indeed a form of arson, at least one of the others (making an explosive device, 26 U.S.C. § 5861(f)), was not, and so the section 844(h) add-on was proper. It was not here, and so the defendant is entitled to withdraw his guilty plea. See *United*

*States v. Cook*, No. 04-1923, 2005 WL 1022974, at *2 (7th Cir. Apr. 29, 2005). The judgment is therefore vacated and the case remanded.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*