**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**
*(Submitted August 31, 2005[*])*

Decided October 7, 2005

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-3926

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States<br>    District Court for the<br>    Southern District of Illinois. |
| *v.* | |
| | No. 02 CR 40053 |
| ROBERT M. DURHAM,<br>    *Defendant-Appellant.* | **J. Phil Gilbert**, *Judge.* |

## O R D E R

Robert Durham was a member of a large conspiracy to manufacture and distribute methamphetamine. He pleaded guilty to Counts One, Two, and Five of a six-count indictment, representing one count of conspiracy to manufacture and distribute, see 21 U.S.C. § 846; one count of manufacturing, see *id*. § 841(a)(1); and one count of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

possessing a firearm in furtherance of a drug trafficking offense, see 18 U.S.C. § 924(c)(1)(A). The probation officer who prepared the presentence investigation report (PSR) recommended a guideline range of 168 to 210 months for Counts One and Two and a mandatory, consecutive 60-month sentence for Count Five. Citing *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), Durham objected to the PSR "in its entirety," arguing that the guideline calculation was based on facts neither admitted nor proven to a jury beyond a reasonable doubt. The court adopted the probation officer's calculation and sentenced Durham to concurrent 168-month sentences on Counts One and Two and to a consecutive 60-month sentence on Count 3, for a total of 228 months' imprisonment. At the government's request, the district court also imposed an alternative sentence in the event that the federal sentencing guidelines were invalidated. Assuming for that purpose that the guidelines were defunct, the court sentenced Durham "based upon the statute" to 228 months' imprisonment.

Durham argues nevertheless that the district court failed to comply with the command of the Supreme Court's decision in *United States v. Booker,* 125 S. Ct. 738 (2005), when it applied the guidelines as mandatory and found facts that were used to increase his sentence. The imposition of an alternative sentence, he continues, does not neutralize the error, because the district court "did not engage in the appropriate evaluation of the factors in 18 U.S.C. § 3553" in arriving at that sentence. Durham made a *Booker*-type objection in the district court, and so our review is plenary. See *United States v. Macedo*, 406 F.3d 778, 788 (7th Cir. 2005).

We begin with Durham's argument regarding the district court's consideration of the factors articulated in 18 U.S.C. § 3553(a), because any *Booker* error is harmless if the alternative sentence stands. We do not require the district court to discuss each factor on the record. See *United States v. George*, 472-73 (7th Cir. 2005). The court must simply calculate the guideline range correctly and, if the sentence lies outside that range, explain its reasoning. *Id.* at 473; see also *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) (explaining that when a sentence is within the guideline range "little explanation" is needed from the district court, so long as the defendant had the opportunity to draw the judge's attention to any factor warranting a sentence outside the guidelines). Durham's sentence falls within the applicable range; thus the court did not err in failing to offer a more expansive justification for its choice of sentence.

In *George*, we found it inconceivable that the district court would have imposed a lower sentence had it followed the correct procedure, because the alternative sentence was well below the guideline range. 403 F.3d at 473. Durham attempts to distinguish his case by asserting that his sentence surely would have been lower had the district court adequately considered § 3553(a). The key question, however, is whether we know if the district court would impose the same sentence under advisory (or nonexistent)

guidelines. Here, as in *George,* we do know, because the district court told us that it would impose the same sentence whether or not it was constrained by the guidelines. Our analysis ends here, as Durham has not argued that his non-guideline sentence of 228 months is unreasonable under the post-*Booker* standard of review.

In a supplemental brief, Durham challenges the provision of his plea contract in which he agreed to forfeit "property used or intended to be used to facilitate the offense . . . as well as any and all property constituting proceeds from said offense" and, in the event that such property could not feasibly be identified or forfeited, "any other property (substitute assets) of the Defendant up to the value of any property described above." Durham contends that, to the extent the agreement authorizes the forfeiture of his pension plan, it violates ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1).

Durham did not argue the ERISA prevented the forfeiture of his pension at the time the district court entered the order; our review is therefore for plain error only. See *United States v. Olano*, 507 U.S. 725, 732 (1993). The burden rests on Durham to demonstrate that the court committed a clear error that affected his substantial rights. See *Olano*, 507 U.S. at 734; *United States v. Colvin*, 353 F.3d 569, 577 (7th Cir. 2003). He cannot meet this burden, however, because he has given us none of the critical information, including such basic facts as whether any of the substitute assets at issue was a pension plan, or if so, whether it was the type of employer-funded plan covered by ERISA.

The order of forfeiture as to substitute assets targeted at least four separate accounts. It is not clear on the face of the order whether any of those accounts is a pension fund covered by ERISA. The government argues that Durham is challenging the forfeiture of an IRA or life insurance benefits, neither of which is protected by ERISA's antialienation provision. See *United States v. Infelise*, 159 F.3d 300, 304 (7th Cir. 1998); *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 552 (7th Cir. 1997). Despite Durham's reference to his "qualified pension plan," without more information we have no basis on which to conclude that the district court erred, let alone plainly so, by ordering the forfeiture of any of the four listed accounts.

The judgment of the district court is AFFIRMED.