# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 4, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

132285-86

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v

KEVIN ROBERT MACKIN,
            Defendant-Appellant.
_____

SC: 132285
COA: 268017
Wayne CC: 05-009694-01

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v

JASON THOMAS WOZNIAK,
            Defendant-Appellant.

_____/

SC: 132286
COA: 268018
Wayne CC: 05-009694-02

On order of the Court, the application for leave to appeal the September 21, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the portion of the Court of Appeals judgment that held evidence of the July 3, 2005 cross-burning was admissible. The ethnic intimidation statute, MCL 750.147b, requires the prosecutor to prove the defendant maliciously, and with specific intent to intimidate or harass another because of that person's race, color, religion, gender or national origin, did certain prohibited acts. The complainant's state of mind is not an element of the offense. The complainant's actions and observations are relevant, but the fact that a similar incident occurred the night before is not relevant and is therefore not admissible. MRE 402.

CORRIGAN, J., dissents and states as follows:

I respectfully dissent. I would not order peremptory reversal of the Court of Appeals judgment.

Defendants were charged with ethnic intimidation under MCL 750.147b(1), which requires proof of "specific intent to intimidate or harass another person because of that person's race, color, religion, gender, or national origin." The prosecutor reasonably compares federal caselaw analyzing proof of specific intent to intimidate under 18 USC 241, which makes it unlawful for

> two or more persons [to] conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . . [18 USC 241.]

Particularly in cases involving cross burnings, the federal circuits commonly allow juries to consider evidence of the victims' reactions to prove a defendant's intent to intimidate. When a threat is alleged, for instance, a victim's reaction may show both whether a reasonable person would perceive a threat and whether the person making the threat would have reasonably foreseen that the victim would perceive a threat. See *United States v Magleby,* 241 F3d 1306, 1311 (CA 10, 2001); *United States v Hartbarger,* 148 F3d 777, 782-783 (CA 7, 1998), overruled in part on other grounds *United States v Colvin,* 353 F3d 569 (CA 7 2003); *United States v JHH,* 22 F3d 821, 827-828 (CA 8, 1994); cf. *Watts v United States,* 394 US 705, 708 (1969) (analyzing a different statute requiring a "threat" and stating that it is appropriate to evaluate the threat "in context" and take into account the "reaction of the listeners").

Likewise, "evidence of victims' reactions to a cross-burning is relevant to a defendant's intent under 18 U.S.C. § 241." *Magleby, supra* at 1311 (court properly instructed the jury that they may consider the victims' reactions to the cross burned on their yard in determining the defendant's intent); *Hartbarger, supra* at 783-784 (evidence of the effect on an interracial couple of a cross burned on their lawn confirmed the defendant's intent to intimidate and interfere). The *Hartbarger* Court explained:

> [W]hile it [i]s not essential to show that the victims were actually intimidated, . . . such evidence [is] not irrelevant . . . .
>
> * * *
>
> [Here,] . . . the evidence regarding the victims' reaction was relevant to the issue of whether the defendants intended to threaten the [victims] by burning a cross, and therefore the court did not err in instructing the jury that
>
> "While a victim's reaction to a cross burning is not conclusive evidence of the defendant's intent, it may be considered nonetheless as some evidence of his intent." [*Hartbarger, supra* at 784-785.]

In the instant case, the occurrence of the first cross burning informed the victims' reactions and was arguably even more directly relevant to defendants' intent than in the cases cited above. As the Court of Appeals recognized, the evidence is not typical "other acts" evidence that may be excluded under MRE 404(b) because defendants were not specifically linked to the first cross burning. Rather, evidence that a cross was burned the night before, on the lawn of the very same interracial couple who had just moved into the neighborhood, is probative of the culprits' intent to intimidate on the second night, *regardless of who committed either the first or the second cross burning*. As the prosecutor argues: multiple burnings negate intent-based defenses such as claims that the second burning was "some sort of accident, a holiday celebration, a practical joke, or the like."

Therefore, the Court of Appeals properly concluded that the evidence is admissible and that a carefully crafted limiting instruction under MRE 105 would be sufficient to counterbalance any possibility of prejudice. For these reasons, I would deny defendant's application for leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 4, 2007

Corbin R. Davis
Clerk

t0501